## 75240. HERNANDEZ v. THE STATE.
(365 SE2d 867)

Benham, Judge.

Appellant was convicted by a jury of trafficking in cocaine and giving a false name to a police officer. On appeal, he contends that during the suppression hearing the trial court erred in refusing to allow him to cross-examine the State's witness, DEA agent Markonni, about the circumstances surrounding appellant's pre-arrest stop. We affirm the trial court's ruling in this regard.

Appellant sought to suppress the evidence obtained when he was arrested, contending that the seizure was unsupported by a reasonable suspicion or probable cause. The record indicates that the evidence, a quantity of cocaine found in appellant's suitcase, was seized by agent Markonni pursuant to a search warrant he obtained shortly before the seizure but after appellant had been arrested only for giving a false name to Markonni. When appellant's counsel sought to cross-examine Markonni about his initial contact with appellant as he deplaned from his flight, the State objected. The trial court sustained the objection, holding that the search warrant presupposed probable cause, and agreeing with the State's argument that since nothing in appellant's motion challenged the authenticity and veracity of the warrant, appellant was precluded from going behind the affidavit contained in the warrant. The trial court did not err in its ruling.

Appellant's argument that his motion to suppress was directed at the initial seizure of his person prior to his arrest for giving a false name has no merit. "A motion to suppress is used to suppress evidence (property) illegally seized. [Cit.]" *Jarrell v. State*, 234 Ga. 410 (3) (216 SE2d 258) (1975). The only property that was subject to the motion to suppress was the cocaine. Since the contraband had been seized pursuant to a search warrant, appellant's motion to suppress was of necessity based on OCGA § 17-5-30 (a) (2), which states as its grounds that "the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed." While appellant's motion raised the second of the three grounds, the line of questioning he sought to pursue was not within the scope of his motion nor would it have produced evidence on any issue of fact necessary to determine the motion. Therefore, the trial court properly restricted appellant's questions. See OCGA § 17-

5-30 (b). Our review of the record reveals that the trial court conducted a full and fair hearing.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 1, 1988.

*Eugene Novy, Austin L. Ramsey III*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.