## 30494. LITTLE v. HOPPER.

GUNTER, Justice.

We granted appellant's application to review an adverse habeas corpus judgment that remanded him to custody.

Appellant was convicted of murder in the Superior Court of Cherokee County on September 19, 1972, and sentenced to life imprisonment. A timely motion for new trial was filed but has not been ruled on at the trial level. Also, a timely notice of appeal was filed, but it has not been procedurally pursued in the trial court or the appellate court. Appellant alleged that he was and is indigent and has been denied his right to appeal his conviction. Appellant was transferred from Cherokee County for confinement in a state prison in Tattnall County.

Appellant's first application for a writ of habeas corpus resulted in a judgment entered by the habeas court in July of 1974 that remanded appellant to custody of the Sheriff of Cherokee County pending disposition of the appeal in his case. Thereafter, in August, 1974, the trial judge in Cherokee County requested the Department of Offender Rehabilitation to retain custody of the appellant, because remanding him to custody in the Cherokee County Jail "would constitute a dangerous condition." Appellant remained in custody in the Tattnall County institution.

In 1975 appellant filed a second application for a writ of habeas corpus in Tattnall County in which he contended that his constitutional rights have been violated in that he timely sought to appeal his conviction, has continued to do so, and that the right of appeal has been denied him.

The habeas court determined that appellant's allegations were correct but determined that it was in the best interest of appellant to remain in the custody of the

Department of Offender Rehabilitation in Tattnall County pending his appeal. The habeas judge entered a judgment remanding the appellant to the respondent warden pending his appeal.

It appears from this record that the appeal of this conviction has been stalled at the trial level for over three years.

This court is today entering an order, directed to the convicting court in Cherokee County, requiring that appellant's motion for new trial pending in that court be ruled upon; if such ruling on the motion for new trial is adverse to appellant, that his appeal from that ruling, if he desires to appeal, be docketed in this court within 60 days from this date; that if appellant is entitled to an appeal from his conviction by virtue of his having filed a notice of appeal in the trial court, that such appeal be docketed in this court within 60 days from this date; and that if appellant is indigent and does not have counsel to pursue his pending motion for new trial or his pending direct appeal, that the convicting court appoint counsel for such purpose.

If an appeal from the conviction and sentence in the convicting court, or from a judgment overruling appellant's motion for new trial now pending in the convicting court, is not docketed in this court within 60 days from this date, this court will enter an order giving directions for further proceedings in the habeas corpus court. In the meantime, and until further order of this court, the judgment of the habeas corpus court in this case is vacated, and the case is remanded to the habeas corpus court pending further direction from this court with respect to further proceedings in this habeas case at the trial level.

*Judgment vacated, and the case is remanded with direction. All the Justices concur.*

Submitted November 7, 1975 — Decided February 11, 1976.

Henry O. Little, *pro se.*

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.