## 36281. INGRAM v. RUTLEDGE.

UNDERCOFLER, Chief Justice.

Leonard Ingram was convicted of burglary and sentenced to 15 years in March, 1977. In December, 1978, he was granted habeas corpus relief by order of this court and given an out-of-time appeal. On remittitur, the habeas court, Wayne Superior Court, ordered the sheriff to hold the prisoner for 30 days for the sheriff of Muscogee County to return him to that jurisdiction for his appeal. "If the Petitioner is not surrendered to Muscogee authorities and afforded counsel and permitted to file for an out-of-time appeal *within that period,* the writ shall be made absolute and he shall be discharged from custody. " Ingram was turned over to the Muscogee Sheriff, but the notice of appeal was not filed nor an attorney appointed within the 30-day period.

The Public Defender was appointed in April, 1979,

but nothing was then done. Finally, in October, due to the exhortations of Ingram himself, the Prisoner Legal Counseling Project agreed to take over his case. It filed another habeas corpus seeking Ingram's release based on the delay. The habeas court denied relief and this is Ingram's appeal from that ruling. We affirm.

Ingram urges that he is entitled to be released, or at least be given a new trial, under the terms of the order on remittitur entered by the Wayne Superior Court. Pretermitting questions of jurisdiction where the prisoner has been removed from one county to another, we hold that the drastic relief requested here is not demanded under these facts. Compare *Little v. Hopper,* 236 Ga. 321 (223 SE2d 667) (1976). Ingram is entitled to an out-of-time appeal within a reasonable period of time. That appeal is now pending in the Court of Appeals, where we are certain it will receive prompt and careful consideration.

The habeas court properly ruled that no cause has been shown for Ingram's release.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED MAY 23, 1980 — DECIDED MAY 27, 1980.

*James C. Bonner, Jr.,* for appellant.

*E. H. Polleys, Jr., Lenny F. Davis, William J. Smith, District Attorney,* for appellee.

HILL, Justice, dissenting.

On December 1, 1978, on appeal of the denial of habeas corpus, this court ordered that Leonard Ingram be given an out-of-time appeal from his burglary conviction in Muscogee County. The habeas (Wayne Superior) court implemented this court's order by requiring that Ingram be returned to Muscogee and given an out-of-time appeal within 30 days. That order was entered on March 7, 1979.

The 30-day time limit was not met and the out-of-time notice of appeal was not filed until February 29, 1980, after the Muscogee Superior Court denied Ingram's habeas petition brought by the Prisoner Legal Counseling Project. No justification for the delay in

giving Ingram his out-of-time appeal has been offered by the Muscogee public defender or otherwise.

As the majority say "Ingram is entitled to an out-of-time appeal within a reasonable period of time." The delay of almost a year for filing a simple, one-page form notice of appeal (see Code Ann. § 6-1203) is in my view an unreasonable delay.

Because Ingram has been denied a timely appeal, and no reason for the delay has been offered, I would grant him a new trial. I therefore dissent.