37348. WALKER v. THE STATE.

UNDERCOFLER, Justice.

Vernon Richard Walker appeals the denial of his extraordinary motion for new trial and motion for acquittal. We affirm.

Walker was convicted in Jasper County on November 4, 1977, for the armed robbery and murder of French B. McMichael. Two consecutive life sentences were imposed. A notice of appeal was filed

by his retained counsel on November 30, 1977. On December 30, 1977, retained counsel filed Walker's pauper's affidavit and an application for leave to proceed in forma pauperis. He also obtained that day an order extending until June 30, 1978, the time for the filing of the transcript of proceedings. The Clerk of the Superior Court of Jasper County and the Commissioners of Jasper County traversed Walker's pauper's affidavit on January 24, 1978.

The Clerk and Commissioners obtained on May 1, 1979, a rule nisi setting for May 23, 1979, a hearing on their traverse. An order was entered on May 23, 1979, granting leave to proceed in forma pauperis, appointing Walker's former retained counsel to represent him during the pendency of a "motion for new trial," and extending the time for the filing of the transcript of proceedings "until such time as the transcript can be prepared."

Appointed counsel did not pursue the appeal he had filed, and did not file a motion for new trial as mentioned in the order of May 23, 1979. He was removed as counsel. New counsel was appointed, who immediately filed, on September 18, 1980, an extraordinary motion for new trial asserting that the trial transcript had been available for eleven months. That motion was amended, and a motion for acquittal was added, the gist of the motions being that Walker had been denied effective assistance of counsel, due process, and his right to a speedy trial by the delay of approximately two years in the preparation of the transcript of proceedings, and by the inaction of his appointed counsel. These motions were denied by order filed December 1, 1980, and the present appeal followed.

The appeal was docketed in this court on February 20, 1981. Enumerations of error were filed on March 10, 1981, together with Walker's brief. The State responded by brief on March 26, 1981.

Walker contends that he has been denied procedural due process and his right to a speedy trial by the nearly two-year delay in the preparation of his transcript of proceedings and by the total inaction of his original counsel. The remedy he seeks is a judgment of acquittal or, as a minimum, a new trial.

We are strongly inclined toward the view expressed by a clear majority of the courts that have considered this issue that there is no Sixth Amendment right to a speedy appeal. United States v. Alston, 412 A2d 351 (D. C. Cir. 1980); Commonwealth v. Pounds, 417 A2d 597 (Pa. 1980); Petition of Williams, 393 NE2d 353 (Mass. 1979); Doescher v. Estelle, 477 FSupp. 932 (N. D. Tex. 1979); Colunga v. State, 527 SW2d 285 (Tex. Cr. App. 1975); State v. Lagerquist, 176 SE2d 141 (S. C. 1970), cert. den. 401 U. S. 937 (1971). Contra, Guam v. Olsen, 462 FSupp. 608 (DC Guam, 1978). On the other hand, due process concepts necessarily become implicated when substantial

delays are experienced during the criminal appellate process. Doescher v. Estelle, supra. Questions have arisen in other courts as to the proper remedy by which the due process rights of the prisoner may be vindicated and as to the proper relief to be afforded. Doescher v. Estelle, supra. We believe that the first question always presented is how any further delay may be feasibly cut short. Petition of Williams, supra. Pretermitting questions of proper remedy and of jurisdiction over the prisoner, we have held in distinctly similar circumstances that the fastest route toward the proper remedy is to grant an out-of-time appeal. *Ingram v. Rutledge,* 245 Ga. 839 (268 SE2d 333) (1980); *Little v. Hopper,* 236 Ga. 321 (223 SE2d 667) (1976).

The notice of appeal in the present case is from the order entered December 1, 1980, denying Walker's extraordinary motion for new trial and motion for acquittal. However, we have in the record now before us a copy of his notice of appeal filed November 30, 1977, from the judgment of conviction and sentence. Further, we have before us a seemingly complete record and transcript of the robbery-murder trial.

We affirm the order of the trial court denying Walker's extraordinary motion for new trial and motion for acquittal. By order entered on April 7, 1981, we directed the trial court to transmit to us by no later than April 10, 1981, the original of the notice of appeal filed November 30, 1977. We further directed the trial court to appoint counsel to represent Walker in his appeal from the judgment of conviction and sentence for robbery and murder, and directed the trial court to certify to this court by no later than April 10, 1981, the name or names of appointed counsel. Counsel appointed to represent Walker in that appeal was directed to file an enumeration of errors and brief by no later than twenty days from the date of appointment. The State as appellee was directed to file its brief by no later than twenty days from the filing of the appellant's brief. The Clerk of this court was directed to expedite that appeal on the calendar.

Our affirmance of the trial court's denial of Walker's motions is without prejudice to Walker's right to assert during any retrial on the armed robbery and murder charges (in the event of a reversal on the direct appeal) that delays in the preparation and presentation of his direct appeal deny him due process during the retrial of the charges.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*Carter & Jones, Harold W. Wallace III, James A. Nolan,* for

appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.