## 37553. WALKER v. THE STATE.

UNDERCOFLER, Justice.

Vernon Richard Walker was convicted in Jasper County for the armed robbery and malice murder of French B. McMichael, and was

sentenced to two consecutive terms of life imprisonment.[1] We affirm his conviction for murder but reverse the armed robbery conviction for lack of sufficient evidence.[2]

The jury heard evidence which may be summarized as follows: At approximately 10:00 p.m. on June 11, 1977, the victim was found behind the counter of his package store dying from a single bullet wound to his head. A neighbor heard the shot, and saw a man wearing a wine-colored or red shirt running through a lighted area in front of the package store. The neighbor did not observe the runner's color, did not see him come out of the store, and did not see any sack or firearm in his hands.

The victim usually carried one or two pistols on his person at various times during business hours, and earlier that night was observed by a customer wearing one pistol on his belt.

The victim's widow testified that the victim left home for work that morning "dressed as usual with his belt and his gun. . . ." She identified his holster as the one "that holstered the smaller of two guns that he owned that he put on that morning before he left." She testified that he *usually* carried the larger of the two pistols to work on top of his ledger book but she did not testify as to whether or not he actually had the larger weapon with him on the day of the homicide. The larger weapon was not located after the homicide and Walker was charged with its theft. The smaller pistol still was on the victim's belt when the medical emergency team arrived. It fell to the floor as his body was repositioned for emergency treatment. The smaller pistol would chamber five rounds of ammunition. It had one empty cylinder (no loaded cartridge or empty cartridge casing in it) and was loaded with four live rounds of ammunition. The murder weapon was not found.

Persons returning from a nearby sporting event observed a maroon or burgundy colored Thunderbird automobile with a vinyl roof and a CB radio antenna parked beside a road near the package store at approximately the hour of the homicide. Only one other automobile of that make, model and color was known to the witnesses, and that other vehicle had a half vinyl roof and no CB antenna. The vehicle seen parked in the vicinity of the package store was known by the witnesses as one often driven by the defendant.

The defendant was observed on the day of the homicide, both before and after the approximate hour of the crime, wearing a

---

[1] The State had sought the death penalty.

[2] We have expedited Walker's out-of-time appeal. *Walker v. State,* 247 Ga. 484 (277 SE2d 242) (1981).

burgundy-colored pullover shirt.

The State produced the testimony of Larry Williams, a friend of the defendant, to the effect that the defendant had asked him to go with him to rob the victim that evening, and had sought to borrow a pistol and a stocking cap. Williams testified that he refused to participate, but that he did agree not to tell anyone about the robbery.

Medical testimony established the cause of death as the gunshot wound to the victim's head.

The indictment for armed robbery did not charge the defendant with taking any of the store's merchandise or cash receipts, evidently because no merchandise was inventoried as missing and substantially more money and checks were found on the victim's person, in the cash register and in a shoe box on the counter than the victim had had in his possession at the start of business that day. The homicide had occurred at or near the victim's customary business closing hour. Although the victim's widow testified that after the police inventory, the victim's wallet, his larger pistol, his pocketknife, and his money bag were not returned to her, the indictment only charged Walker with theft of the wallet and its unknown contents, and with theft of the larger of the two pistols.

The defendant attempted escape by seizing a jailer's pistol. He was wrestled down by the officer, who regained the weapon.

1. The evidence does not tend to show that Williams was a "party" to the crimes of murder and armed robbery within the meaning of Code Ann. § 26-801, or an "accomplice" within the meaning of Code Ann. § 38-121. *Dixon v. State,* 243 Ga. 46 (1) (252 SE2d 431) (1979); *Moore v. State,* 240 Ga. 210, 211 (1) (240 SE2d 68) (1977). Corroboration of his testimony was not required, and the trial court did not err by refusing to charge on corroboration of the testimony of a single accomplice. Also, the testimony of Williams was sufficiently corroborated by the witnesses who saw Walker before and after the crime wearing a red or burgundy colored pullover shirt, and who saw a motor vehicle that he customarily drove parked in the vicinity of the package store at approximately the hour of the homicide. *Stroud v. State,* 246 Ga. 717, 718 (1) (273 SE2d 155) (1980); *Chafin v. State,* 246 Ga. 709, 713 (3) (273 SE2d 147) (1980).

2. After the decision of the Supreme Court of the United States in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the relevant question on appeal from denial of the general grounds of a motion for new trial is "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U. S. at 307. The Jackson standard of review is applied so

that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof — defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Id.

Although the evidence is sufficient under the Jackson test to sustain Walker's conviction for murder, it is insufficient to prove armed robbery. Walker was not charged with the theft of cash receipts of the package store. He was not charged with theft of the victim's missing pocketknife or cash bag. Nonetheless, the State's proof focused both narrowly and extensively on the sums of money known to be in the possession of the victim before the business day commenced as compared with the larger sums found on his person and in the cash register and cigar box after the homicide. In similar fashion, the missing cash bag was the subject of considerable testimony, although Walker was not charged with its theft. By way of comparison, the items that Walker was charged with taking, that is, the wallet and the larger pistol, were mentioned only briefly during the testimony of the victim's widow. She testified that the victim *usually* carried them to work with him. The neighbor who witnessed the runner in front of the store saw nothing in his hands. There is no direct evidence that either the larger pistol or the wallet was in the victim's possession on the day of the homicide.

It is not a reasonable hypothesis that the assailant found and carried away the larger pistol, which usually was kept during business hours out of view on a shelf under the cash register, while leaving behind the smaller pistol that was clearly visible on the victim's person. It also is not a reasonable hypothesis that the assailant took and carried away the victim's wallet, that usually had only a small sum of cash in it, while leaving behind equally visible on his person a large sum of money in his pocket checkbook, and a considerable sum of cash and checks in the shoe box visible on the counter top. The unreasonableness of those circumstances, when considered together with the testimony of the widow and the neighbor, and with the fact that Walker was not even charged with theft of the missing pocketknife and cash bag, present a case in which the verdict of armed robbery is unsupportable as a matter of law. Jackson v. Virginia, supra; *Harris v. State,* 236 Ga. 242, 244 (1) (223 SE2d 643) (1976); *Germany v. State,* 235 Ga. 836, 840 (2) (221 SE2d 817) (1976).

3. The trial court did not err in admitting relevant photographs illustrating the victim's wound. The fact that they might tend to inflame the jurors or excite their passion is not a sufficient ground for their exclusion. *Moses v. State,* 245 Ga. 180, 187 (6) (263 SE2d 916) (1980).

*Judgment affirmed in part and reversed in part. All the Justices*

*concur, except Jordan, C. J., Marshall and Gregory, JJ., who dissent as to Division 2 and the judgment of reversal.*

DECIDED JUNE 30, 1981.

*Harmon, Smith & Bridges, Clinton E. Deveaux, Harold W. Wallace III, J. A. Nolan,* for appellant.
*Joseph Briley, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.