S04A1150. CHATMAN v. MANCILL.
(604 SE2d 154)

BENHAM, Justice.

Appellee Durwyn Mancill was found guilty of two counts of malice murder in 1993 and sentenced to life imprisonment. This Court affirmed the judgment of conviction in November 2001. *Mancill v. State*, 274 Ga. 465 (554 SE2d 477) (2001). In October 2002, Mancill filed a petition for writ of habeas corpus in which he contended, among other things,[1] that his convictions were unconstitutional because the seven-year delay between his conviction and the filing of his direct appeal deprived him of his right to due process of law.[2] After conducting an evidentiary hearing, the habeas court applied the factors set forth in *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972), and determined the delay which

---

[7] *Nealy v. State*, 239 Ga. App. 651, 655 (522 SE2d 34) (1999). Compare *Fields v. State*, 260 Ga. 331, 333 (393 SE2d 252) (1990).

[1] The other claims Mancill raised in his petition were four instances of alleged ineffective assistance of trial counsel and two instances of alleged ineffective assistance of appellate counsel.

[2] While there is no Sixth Amendment right to a speedy appeal, "due process concepts necessarily become implicated when substantial delays are experienced during the criminal appellate process." *Walker v. State*, 247 Ga. 484, 485-486 (277 SE2d 242) (1981). The decision in *Walker* presaged the U. S. Supreme Court's ruling in *Evitts v. Lucey*, 469 U. S. 387, 393 (105 SC 830, 834, 83 LE2d 821) (1985), where the Court stated that if a State had an appellate process for finally adjudicating the guilt or innocence of a defendant, the procedures that make up the process "must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution."

occurred between the filing of Mancill's 1993 motion for new trial and the filing of the 2000 final order on Mancill's amended motion for new trial resulted in a substantial denial of Mancill's rights under the due process clauses of both the state and federal constitutions. The habeas court granted a writ of habeas corpus and vacated Mancill's murder convictions, noting the State was not prevented from re-trying Mancill for the murders. Pursuant to OCGA § 9-14-52 (c), the warden of the institution in which Mancill is incarcerated filed a timely notice of appeal.

One of the basic tenets of Georgia's statutory habeas corpus scheme (OCGA § 9-14-40 et seq.) is the "procedural default" rule:

> [A] failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid procedural bar will not preclude a habeas corpus court from considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or pursue on appeal *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights.

*Black v. Hardin*, 255 Ga. 239, 240 (4) (336 SE2d 754) (1985). Since Mancill did not raise the issue of post-conviction appellate delay in his direct appeal to this Court, the claim is procedurally barred. See *Mancill v. State*, supra, 274 Ga. 465. Cf. *Carter v. State*, 265 Ga. App. 44 (5) (593 SE2d 69) (2004); *Spradlin v. State*, 262 Ga. App. 897 (3) (587 SE2d 155) (2003); *Mize v. State*, 209 Ga. App. 15 (3) (432 SE2d 621) (1993); *Profitt v. State*, 181 Ga. App. 564 (3) (353 SE2d 61) (1987); *Graham v. State*, 171 Ga. App. 242 (319 SE2d 484) (1984), direct appeals in which the issue of post-conviction appellate delay was raised in the direct appeal. Under the "procedural default" rule, the habeas court may consider Mancill's defaulted claim only if the "cause and prejudice" test is satisfied or in order to avoid a miscar-riage of justice where there has been a substantial denial of consti-tutional rights. *Turpin v. Todd*, 268 Ga. 820 (2) (a) (493 SE2d 900) (1997); *Black v. Hardin*, supra, 255 Ga. at 240.

"Georgia law directs habeas courts to 'consider whether a peti-tioner has . . . complied with Georgia procedural rules at trial and on appeal' and further provides that 'absent a showing of cause for noncompliance with such requirement, and of actual prejudice, ha-beas corpus relief shall not be granted.' [Cits.]" *Davis v. Turpin*, 273 Ga. 244 (1) (539 SE2d 129) (2000). In the case at bar, the habeas court

granted relief without having made the preliminary determination concerning whether Mancill overcame the procedural default. Accordingly, we vacate the habeas court's grant of relief to Mancill and remand the case to the habeas court for a determination whether Mancill can overcome the procedural default by satisfying the "cause and prejudice" test or the "miscarriage of justice" test. See *Turpin v. Todd*, supra, 268 Ga. at 825.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.
*Stephen D. Perrira, Marcus C. Chamblee, James C. Bonner, Jr., Sarah L. Gerwig*, for appellee.