## S06U1854. FORMAL ADVISORY OPINION 05-11.

(667 SE2d 93)

PER CURIAM.

We granted a petition for discretionary review brought by the State Bar of Georgia asking this Court to adopt an opinion of the Formal Advisory Opinion Board ("Board") and retract an earlier version of the Formal Advisory Opinion ("FAO"). At issue is Proposed Opinion 05-11, which is a re-drafted version of FAO 99-1.[1] Both opinions address the ethical propriety of an attorney defending a client pursuant to an insurance contract when the attorney simultaneously represents a company in an unrelated matter and that company claims a subrogation right in any recovery against the defendant client. Having examined FAO 99-1 in light of the issuance of the Georgia Rules of Professional Conduct, we agree that the new Rules require a different result than that reached in FAO 99-1 and that Proposed Opinion 05-11 should be adopted and FAO 99-1 retracted.

In FAO 99-1, issued on May 27, 1999, the Board applied Standards 30, 35 and 36 and Ethical Considerations 5-14 and 5-15 to the question presented and concluded:

---

[1] With the issuance of the Georgia Rules of Professional Conduct, the Standards of Conduct were replaced and the Canons of Ethics, including Ethical Considerations and Directory Rules, were deleted. At the request of the Office of General Counsel of the State Bar of Georgia, the Board undertook a review of the FAOs issued by this Court that were based on the Standards of Conduct and Canons of Ethics to determine the impact, if any, of the issuance of the Georgia Rules of Professional Conduct.

[A]n attorney may not simultaneously represent clients that have directly adverse interests in litigation that is the subject matter of either one of the representations. Whether or not this is the case . . . depends upon the nature of the representation of the insurance company.

If it is, in fact, the insurance company that is the true client in the unrelated matter, then the interests of the simultaneously represented clients in the litigation against the insured client are directly adverse even though the insurance company is not a party to the litigation and the representations are unrelated. The consent by the clients provided for in Standard 37 is not available in these circumstances because it is not obvious that the attorney can adequately represent the interests of each client. This is true because adequate representation includes a require-ment of an appearance of trustworthiness that is inconsis-tent with the conflict of interest between these simulta-neously represented clients.

If, however, as is far more typically the case, it is not the insurance company that is the true client in the unrelated matter, but an insured of the insurance company, then there is no simultaneous representation of directly adverse inter-ests in litigation and these Standards do not apply. Instead, the attorney may have a personal interest conflict under Standard 30 in that the attorney has a financial interest in maintaining a good business relationship with the insur-ance company. This personal interest conflict may be con-sented to by the insured client after full disclosure of the potential conflict and careful consideration. The Standard 37 limitation on consent to conflicts does not apply to Standard 30 conflicts. Such consent, however, should not be sought by an attorney when the attorney believes that the representation of the insured will be adversely affected by his or her personal interest in maintaining a good business relationship with the insurance company for to do so would be to violate the attorney's general obligation of zealous representation to the insured client.

In its 2006 re-examination of the question presented in FAO 99-1, the Board applied Rule 1.7 of the Rules of Professional Conduct and Comment 8 thereto and concluded that the attorney's representation of the insured would be an impermissible conflict of interest under Rule 1.7 (a) if the insurance company is the client in the unrelated

matter, and that consent of both clients would not be available to cure the impermissible conflict because the conflict necessarily "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Rule 1.7 (c) (3). This was the same result as was reached when Standards 35 and 36 were applied in FAO 99-1, though Proposed Opinion 05-11 clarifies that the attorney's successful representation of the insured client would reduce or eliminate the potential subrogation claim of the insurance company client, making advocacy on behalf of one client in these circumstances advocacy against a simultaneously represented client.

In addressing the far more typical case of the client in the unrelated matter being an insured of the insurance company rather than the insurance company itself, the Board in Proposed Opinion 05-11 again echoed FAO 99-1 in its finding that there would be no impermissible advocacy against a simultaneous representation client, but the attorney might have a conflict with the attorney's own interests under Rule 1.7 (a), since the attorney would have a financial interest in maintaining a good business relationship with the non-client insurance company. In a departure from FAO 99-1, the Board in Proposed Opinion 05-11 opines that "the likelihood that the representation [of the insured] will be harmed by this financial interest makes this a risky situation for the attorney," noting that while Rule 1.7 (b) permits the personal conflict to be cured by consent of *all* affected clients under some circumstances, consent is not available to cure the conflict if the conflict triggers Rule 1.7 (c) (3), i.e., the conflict "involves circumstances rendering it reasonably unlikely that the lawyer [would] be able to provide adequate representation to one or more of the affected clients." Thus, Proposed Opinion 05-11 corrects an error in FAO 99-1, which had required only the consent of the insured client to the personal interest conflict, and replaces the "warning" contained in FAO 99-1 ("No attorney, however, should seek such consent [to an attorney's personal interest conflict] if he or she believes that his or her business interest will, in fact, adversely affect the quality of the representation with the insured client") with the ethical requirement of Rule 1.7 (c).

Inasmuch as FAO 99-1 no longer provides the most current ethical guidance to the members of the State Bar of Georgia since it is not based on the current ethical rules, and Proposed Opinion 05-11 interprets the current ethical rules, clarifies a point made in FAO 99-1, corrects an error in FAO 99-1, and recognizes the conversion of the warning contained in FAO 99-1 into an ethical requirement, we

conclude that it is appropriate to adopt Proposed Opinion 05-11 and retract FAO 99-1.[2]

*Formal Advisory Opinion 05-11 approved. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*William P. Smith III, General Counsel State Bar,* for State Bar of Georgia.

---

[2] Our approval of FAO 05-11 makes it "binding on all members of the State Bar [of Georgia]." Rule 4-403 (e) of the Georgia Rules of Professional Conduct.