## S10A0611. BARROW v. BARKER.
### (695 SE2d 24)

CARLEY, Presiding Justice.

In 1996, Darion C. Barker was convicted of possession of cocaine with intent to distribute. As a result of the admission of five prior convictions based on guilty pleas, Barker was sentenced to life imprisonment without parole pursuant to OCGA §§ 16-13-30 (d) and 17-10-7 (c). The Court of Appeals affirmed. *Barker v. State*, 226 Ga. App. 747 (487 SE2d 494) (1997). On June 30, 2008, Barker filed a petition for writ of habeas corpus, claiming ineffective assistance of trial and appellate counsel, and the illegality of his sentence of life without parole based primarily upon the alleged constitutional invalidity of the prior convictions used to enhance that sentence.

After a hearing, the habeas court granted relief, finding that, with respect to a 1993 conviction for possession of marijuana with intent to distribute and 1994 convictions for possession of cocaine with intent to distribute and for possession of marijuana, the State failed to show that Barker was aware of his *Boykin* rights and knowingly and voluntarily waived them. The habeas court further found that Barker's current sentence is illegal because, without those three constitutionally invalid prior convictions, he could not have been sentenced to life and would have been eligible for parole. The habeas court specifically declined to address either the validity of the remaining two prior convictions or the ineffectiveness claims, noting that the latter ultimately relate back to the same invalid convictions and illegal sentence. The Warden appeals from the habeas court's order.

The Warden contends that the habeas court erred in reaching the merits of the illegal sentence claim on which relief was granted, because it is procedurally barred. Indeed, Barker made no objection at sentencing in 1996 that his prior guilty pleas were not knowingly and voluntarily entered.

> As [Barker] failed to object "on constitutional grounds to the introduction into evidence at the sentencing phase of . . . prior conviction[s] based on . . . guilty plea[s] . . . , any claim that the guilty plea[s] [were] not entered knowingly, voluntarily and intelligently is waived. (Cit.)" [Cits.]

*Robinson v. State*, 283 Ga. 229, 231 (2) (657 SE2d 822) (2008). See

also *Bright v. State*, 265 Ga. 265, 286 (20) (455 SE2d 37) (1995); *Harden v. State*, 239 Ga. App. 700, 701 (2) (521 SE2d 829) (1999). Barker did not raise the issue on direct appeal either. *Barker v. State*, supra. Thus, the claim that his current sentence was based on involuntary guilty pleas is barred by procedural default unless he shows sufficient reason to set aside that bar. *Head v. Ferrell*, 274 Ga. 399, 402 (III) (554 SE2d 155) (2001).

> Under the "procedural default" rule, the habeas court may consider [Barker's] defaulted claim only if the "cause and prejudice" test is satisfied or in order to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights. [Cits.]

*Chatman v. Mancill*, 278 Ga. 488, 489 (604 SE2d 154) (2004). Barker did claim that appellate counsel rendered ineffective assistance when she failed to raise the ineffectiveness of trial counsel in failing to inquire into and challenge the allegedly invalid prior convictions. A sufficient showing in support of that claim could satisfy the "cause and prejudice" test applied to procedurally defaulted claims. *Head v. Ferrell*, supra.

> "Georgia law directs habeas courts to 'consider whether a petitioner has . . . complied with Georgia procedural rules at trial and on appeal' and further provides that 'absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.' (Cits.)" [Cit.]

*Chatman v. Mancill*, supra. See also OCGA § 9-14-48 (d).

Although the habeas court here made some finding of prejudice, it failed either to acknowledge the procedural default or to find cause, and it refused to address the claim of ineffective assistance. As a result, we can only conclude that

> the habeas court granted relief without having made the preliminary determination concerning whether [Barker] overcame the procedural default. Accordingly, we vacate the habeas court's grant of relief to [Barker] and remand the case to the habeas court for a determination whether [Barker] can overcome the procedural default by satisfying the "cause and prejudice" test or the "miscarriage of justice" test. [Cit.]

*Chatman v. Mancill*, supra at 489-490.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED MAY 3, 2010.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellant.

*Kilpatrick Stockton, Matthew M. Lubozynski, John P. Jett, J. Henry Walker IV*, for appellee.