## S11A1609. BARKER v. BARROW.
(723 SE2d 905)

HINES, Justice.

This Court granted criminal defendant Darion C. Barker a certificate of probable cause to appeal an order of the Superior Court of Wilcox County denying his application for a writ of habeas corpus in order to consider whether the habeas court erred in concluding that trial counsel (and thus appellate counsel) was not ineffective for failing to further investigate the actual validity of Barker's prior convictions in the face of the State's notice of intent to rely on those convictions for sentencing enhancement purposes. Finding that it was not error to reject the claims of the ineffectiveness of counsel on the basis urged, we affirm the denial of habeas corpus relief.

Barker was convicted in 1996 of possession of cocaine with intent to distribute, and because of his five prior convictions following guilty pleas, he was sentenced as a recidivist to life in prison without the possibility of parole pursuant to OCGA §§ 16-13-30 (d) and 17-10-7 (c). The Court of Appeals affirmed the 1996 conviction. See *Barker v. State*, 226 Ga. App. 747 (487 SE2d 494) (1997). In 2008, Barker filed an application for a writ of habeas corpus, alleging the ineffective assistance of both trial and appellate counsel. He claimed that his guilty pleas in the 1989, 1993, and 1994 cases upon which his recidivist sentence was based were constitutionally infirm because he was not properly advised of his *Boykin*[1] rights and did not waive them, and therefore, that his 1996 sentence of life in prison without the possibility of parole was illegal. He urged that trial counsel was ineffective for failing to inquire into and challenge the prior guilty pleas, and that his appellate counsel for the 1996 conviction was ineffective for failing to raise the ineffectiveness of trial counsel as an error on appeal.

Following a hearing, the habeas court granted Barker relief after finding that the State failed to show that Barker was aware of and knowingly and voluntarily waived his *Boykin* rights with respect to his 1993 conviction for possession of marijuana with intent to distribute and his 1994 convictions for possession of cocaine with intent to distribute and possession of marijuana. Consequently, the

---

[1] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

habeas court concluded that Barker's 1996 sentence was illegal because he could not have been sentenced to life in prison without the possibility of parole absent the three constitutionally-invalid prior convictions. The habeas court declined to address the validity of Barker's remaining two prior convictions or his ineffectiveness claims. The warden appealed the judgment of the habeas court, and this Court vacated the judgment and remanded the case to the habeas court after finding that any direct challenges to the prior convictions were waived for failure to raise them during the 1996 plea; however, inasmuch as Barker raised the issue in the context of the ineffectiveness of both trial and appellate counsel but the habeas court did not address such claims or consider whether the procedural default could be excused, the habeas court was directed to determine if Barker overcame the procedural default by satisfying either the "cause and prejudice" test or the "miscarriage of justice" test. *Barrow v. Barker*, 287 Ga. 145 (695 SE2d 24) (2010). See *Chatman v. Mancill*, 278 Ga. 488 (604 SE2d 154) (2004).

Following remand, the habeas court denied relief, concluding that Barker failed to prove cause and prejudice or that there was a miscarriage of justice in that neither trial counsel nor appellate counsel was ineffective.

The standard for establishing the ineffective assistance of either trial counsel or appellate counsel is set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); the standard consists of a two-prong analysis in which it must first be shown that counsel's performance was deficient, and second that the deficiency prejudiced the defense. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). In order to satisfy the first prong of the test, Barker has to overcome the strong presumption that his attorneys' performances fell within a wide range of reasonable professional conduct, and that the attorneys' decisions were made in the exercise of reasonable professional judgment; the reasonableness of the conduct is assessed from the perspective of counsel at the time of trial or appeal and under the specific circumstances of the case. *Hendricks v. State*, 290 Ga. 238 (719 SE2d 466) (2011). As to the second prong of the test, it must be shown that there is a reasonable probability that, absent the cited professional deficiencies by counsel, the result would have been different. Id. The failure to satisfy either prong of the *Strickland* test will defeat an ineffective assistance of counsel claim. *Simpson v. State*, 289 Ga. 685, 688 (5) (715 SE2d 142) (2011). Furthermore, this Court is to affirm a habeas court's determination of a claim of ineffective assistance of counsel unless it is concluded that the habeas court's factual findings are clearly erroneous or legally insufficient to support such determination. *Walker v. Hagins*, 290

Ga. 512 (722 SE2d 725) (2012).

1. Barker maintains that his trial counsel's performance was deficient because counsel failed to adequately investigate the validity of his prior guilty pleas in that counsel did not review transcripts of the plea colloquies, which he claims would have revealed the pleas' constitutional defects. Relying principally upon *Rompilla v. Beard*, 545 U. S. 374, 377 (125 SC 2456, 162 LE2d 360) (2005), Barker urges that, given the State's notification that it would seek to enhance his sentence by his prior pleas, his trial counsel had a basic legal duty to retrieve and read the plea transcripts.

Certainly, as Barker maintains, trial counsel has the obligation to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Terry v. Jenkins*, 280 Ga. 341, 346 (2) (c) (627 SE2d 7) (2006). But, in any case in which the ineffectiveness of counsel for inadequate investigation is claimed, the reasonableness of a particular decision not to investigate in the manner urged must be assessed in light of all the circumstances at that time, and such assessment must include a heavy measure of deference to counsel's judgments. Id. at 347 (2) (c).

The decision in *Rompilla v. Beard* does not alter this. The Supreme Court expressly held that

> when a capital defendant's family members and the defendant himself have suggested that no mitigating evidence is available, his lawyer is bound to make reasonable efforts to obtain and review material that counsel knows the prosecution will probably rely on as evidence of aggravation at the sentencing phase of trial.

545 U. S. at 377. The Court explained that its analysis did not create a " 'rigid, per se' rule that requires defense counsel to do a complete review of the file on any prior conviction introduced." Id. at 389. Instead, it found counsel in that case lacking for failing to make reasonable efforts to review the file of the defendant's prior conviction despite knowledge that the prosecution intended to introduce Rompilla's prior conviction not "merely by entering a notice of conviction into evidence but by quoting damaging testimony of the rape victim in that case." Id. Thus, unlike the present case, there was no viable substitute for retrieval and examination of the damaging testimony itself. Moreover, the Court noted that the found unreasonableness of not securing the actual file for review "was heightened by the easy availability of the file," and the "great risk that testimony about a similar violent crime would hamstring counsel's chosen defense of residual doubt." The Supreme Court expressly cited these circumstances as rendering unacceptable the

conclusion that Rompilla's "counsel could reasonably decline to make any effort [whatsoever] to review the file." Id. at 389-390. The Court expressly acknowledged that in situations in which the prosecutor does not intend to use a defendant's prior conviction in the manner as in *Rompilla v. Beard*, a different assessment of reasonableness might well be warranted. Id. at 390. And, so it is in this case.

In the present order denying Barker the sought relief, the habeas court made relevant findings in regard to the issue of the reasonableness of trial counsel's investigation, including but not limited to: trial counsel, who had been a member of the Georgia bar since 1991, was on a list of appointed counsel and had done predominantly criminal work; at the time of representing Barker, counsel had been second defense chair at criminal jury trials and had handled at least 100 guilty pleas; prior to representing Barker, counsel had handled a similar case involving a defendant's exposure to punishment of life without the possibility of parole based upon a drug statute; it was obvious to counsel that the State intended to pursue recidivist treatment, if possible, as the charging instrument referenced Barker's prior convictions; counsel researched Barker's previous pleas, which involved counsel physically going to the clerk's office, taking the list of prior convictions, and reviewing every file to see if a certified copy of each previous conviction existed; counsel was able to verify that the pleas were "factually entered"; the pleas were purportedly signed by Barker, and entered in the court record as part of the clerk's file; during consultation with Barker, counsel discussed the gravity of Barker's situation arising from his prior convictions; counsel's normal practice was to go over a defendant's possible punishment, including the impact of any previous convictions; counsel sent Barker a letter outlining the way he would be sentenced based upon his prior convictions; counsel was confident that Barker was aware of the trial court's lack of discretion in sentencing should Barker be convicted; Barker was very helpful in trying to think of things with which to differentiate his case from others in order to avoid a sentence of life without parole, but he never made any claim that his prior convictions were improper; and the issue of possible irregularity with any of the prior pleas had never arisen until it was raised by Barker's habeas counsel. What is more, evidence of a routine or standard practice or procedure of the court in which the pleas are entered can be used in demonstrating compliance with constitutional standards. *Bazemore v. State*, 273 Ga. 160, 162 (1) (535 SE2d 760) (2000); *Jackson v. Hopper*, 243 Ga. 41, 42 (252 SE2d 467) (1979). And, the habeas court additionally found that trial counsel had experience with guilty pleas in the county of Barker's prior convictions and with the judge who sentenced Barker in conjunction with his prior guilty pleas: counsel practiced before that

judge from 1991 until the judge's death approximately ten years later, and spent an extensive amount of time in various capacities in front of that judge; the judge had a standard way of doing things, including a normal routine with handling guilty pleas; in fact, a written checklist of the *Boykin* rights was kept in the courtroom.

The habeas court found no requirement that trial counsel research every aspect of the colloquy of each of Barker's prior guilty pleas, and based upon the circumstances of record, concluded that trial counsel was not ineffective as counsel had made reasonable efforts to obtain and review Barker's prior convictions to ensure their validity. This Court likewise declines to, as Barker in essence urges, impose an absolute duty upon defense trial counsel when representing a recidivist to retrieve and review transcripts of prior plea proceedings or otherwise be deemed ineffective. This is not only unwarranted as a matter of law, but in many instances, would prove unworkable as a matter of fact.

As noted, in order to prevail on his claim of the ineffective assistance of his trial counsel, habeas petitioner Barker had to carry the burden under *Strickland* of demonstrating that counsel's performance was professionally deficient, and this he has failed to do. Consequently, this Court need not examine the issue of alleged prejudice to Barker. *Cammer v. Walker*, 290 Ga. 251 (719 SE2d 437) (2011).

2. Our determination in Division 1 necessarily defeats Barker's claim that his appellate counsel's failure to raise the issue of trial counsel's ineffective assistance regarding the plea investigation constituted ineffective assistance of appellate counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2012.

*Kilpatrick, Townsend & Stockton, Matthew M. Lubozynski, J. Henry Walker IV, John P. Jett*, for appellant.

*Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.