FINAL COPY
294 Ga. 484

S13A1300. FERGUSON v. THE STATE.

MELTON, Justice.

Following a jury trial, Reginald Ferguson was found guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a crime in connection with the shooting death of Robert Brent Walton.[1] On appeal Ferguson contends that the evidence presented at trial was insufficient to support the verdict and that the trial court erred by refusing to disqualify the Chattahoochee Judicial Circuit District Attorney's office from participating in Ferguson's motion for new trial hearing. For the reasons that follow, we affirm.

---

[1] On August 15, 2005, Ferguson was indicted for malice murder, felony murder (predicated on aggravated assault), aggravated assault, and possession of a firearm during the commission of a crime. Following a November 2005 mistrial, Ferguson was re-tried by a jury on April 25-28, 2006. After that jury trial, Ferguson was acquitted of malice murder, but found guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a crime. On April 28, 2006, the trial court sentenced Ferguson to life imprisonment for felony murder and five consecutive years for possession of a firearm during the commission of a crime. The aggravated assault count was merged into the felony murder count for sentencing purposes. Ferguson filed a motion for new trial on May 2, 2006, which he amended on October 2, 2012. The trial court denied the motion on November 5, 2012. After paying costs on May 6, 2013, Ferguson's timely appeal was docketed in this Court for the September 2013 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on May 1, 2005, Ferguson shot and killed his brother-in-law, Walton, after Ferguson accused Walton of stealing his motorcycle. Walton's girlfriend and another eyewitness saw Ferguson shoot Walton, and, before he died, Walton himself told police that Ferguson had shot him. Also, Ferguson admitted to police that he shot Walton because he believed that Walton had stolen his motorcycle.

The evidence was sufficient to enable a rational trier of fact to find Ferguson guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Ferguson claims that the trial court erred by failing to exclude the Chattahoochee Judicial Circuit District Attorney's office from participating in his motion for new trial hearing because one of the attorneys who worked in that office at the time of the motion for new trial hearing had previously represented Ferguson in 2005. Specifically, Alonza Whitaker, an attorney who was hired by the District Attorney's office in 2008, was in private practice before joining the District Attorney's office and had represented Ferguson on a bond issue in

2

connection with his 2005 arrest. However, the record reveals that Ferguson ended Whitaker's brief representation of him by hiring new defense counsel for his 2005 and 2006 trials. Moreover, there is no evidence of record that Whitaker had any involvement with Ferguson's case after being hired by the District Attorney's office, nor that the attorneys who worked on the case at the District Attorney's office ever discussed any aspect of the case with Whitaker. We find no error in the trial court's conclusion that Ferguson failed to provide any basis for excluding the Chattahoochee Judicial Circuit District Attorney's office from participating in the motion for new trial hearing. See, e.g., Frazier v. State, 257 Ga. 690 (9) (362 SE2d 351) (1987). See also Ga. Rules of Professional Conduct Rule 1.11, Comment 9 (Although State Bar Rule 1.11 (c) (1) prohibits "a lawyer serving as a public officer or employee [from] participat[ing] in a matter in which the lawyer participated personally and substantially while in private practice," the Rule "does not disqualify other lawyers in the entity with which the lawyer in question has become associated.").

Judgment affirmed. All the Justices concur.

Decided January 21, 2014 – Reconsideration denied February 24, 2014.

Murder. Talbot Superior Court. Before Judge Allen.

Robert L. Wadkins, Victoria L. Novak, for appellant.

Julia Fessenden Slater, District Attorney, Robert B. Bickerstaff II, Sadhana P. Dailey, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General, for appellee.