In the Supreme Court of Georgia

Decided:  July 11, 2014

S14A0220.  McLAUGHLIN, Warden v. PAYNE.

HINES, Presiding Justice.

Warden Gregory McLaughlin appeals the grant of a writ of habeas corpus to William C. Payne.  For the reasons that follow, we affirm.

In 2006, Payne was convicted on two counts of aggravated child molestation, three counts of child molestation, and one count of cruelty to children.  At Payne's trial, then District Attorney for the Douglas Judicial Circuit, David McDade, appeared as a witness for the State.  He identified himself to the jury as the district attorney, identified the examining prosecuting attorney as his assistant, and outlined his duties as district attorney.  He also testified that: his daughter was a classmate of the victim named in the indictment; his daughter told him what she had heard of the crimes; he participated in an interview of Payne early in the investigation; during the first few days of the investigation, law enforcement efforts were focused on finding

Payne; and, that after his interview with Payne, he realized he would likely be a witness at trial, and removed himself from Payne's prosecution. On appeal, Payne contended that he was not present at all critical stages of the trial, venue was not proven, evidence of a prior similar transaction was wrongly admitted, and trial counsel was ineffective in failing to object to certain evidence. His convictions were affirmed. See *Payne v. State*, 290 Ga. App. 589 (660 SE2d 405) (2008). See also *Payne v. State*, 285 Ga. 137 (674 SE2d 298) (2009), overruled by *Reed v. State*, 291 Ga. 10 (727 SE2d 112) (2012).

In 2009, Payne filed a petition for a writ of habeas corpus, raising, inter alia, a claim of ineffective assistance of appellate counsel. After multiple hearings, the habeas court found that McDade had a conflict of interest, had testified falsely at trial, and that appellate counsel should have pursued these two issues on appeal. The habeas court also found that had the issues been raised on appeal, the result of Payne's direct appeal would have been different; consequently, that court granted the writ of habeas corpus.

The warden contends that the habeas court erred in finding that the representation by Payne's appellate counsel was ineffective.

The standard for establishing the ineffective assistance of either trial

2

counsel or appellate counsel is set forth by The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LE2d 674) (1984); the standard consists of a two-prong analysis in which it must first be shown that counsel's performance was deficient, and second that the deficiency prejudiced the defense. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). In order to satisfy the first prong of the test, [Payne] has to overcome the strong presumption that his attorneys' performances fell within a wide range of reasonable professional conduct, and that the attorneys' decisions were made in the exercise of reasonable professional judgment; the reasonableness of the conduct is assessed from the perspective of counsel at the time of trial or appeal and under the specific circumstances of the case. *Hendricks v. State*, 290 Ga. 238 (719 SE2d 466) (2011). As to the second prong of the test, it must be shown that there is a reasonable probability that, absent the cited professional deficiencies by counsel, the result would have been different. Id. The failure to satisfy either prong of the *Strickland* test will defeat an ineffective assistance of counsel claim. *Simpson v. State*, 289 Ga. 685, 688 (5) (715 SE2d 142) (2011). Furthermore, this Court is to affirm a habeas court's determination of a claim of ineffective assistance of counsel unless it is concluded that the habeas court's factual findings are clearly erroneous or legally insufficient to support such determination. *Walker v. Hagins*, 290 Ga. 512 (722 SE2d 725) (2012).

*Barker v. Barrow*, 290 Ga. 711, 712 (723 SE2d 905) (2012).

Prior to trial, Payne filed a "Motion to Disqualify Douglas County District Attorney's Office" from acting in the case, citing the designation of McDade as a witness against him at trial, and urging that this required the disqualification of the *entire* Douglas Judicial Circuit District Attorney's Office, citing inter alia,

3

Rule 3.7 (a) of the Rules of Professional Conduct of the State Bar of Georgia.

That Rule states:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

And, the principle that a lawyer is to avoid testifying in a case in which he is acting as an advocate at trial is a longstanding one, which was codified in former Directory Rule 5-102 of the Rules and Regulations of the State Bar of Georgia,[1] which read:

> When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court on behalf of his client.

It has been recognized that, if an attorney will appear at trial as a "necessary witness" under Rule 3.7 (a), disqualification of that attorney as trial counsel is appropriate. See *Clough v. Richelo*, 274 Ga. App. 129, 132-133 (1) (616 SE2d

---

[1] The Rules of Professional Conduct replaced the Directory Rules in 2001. See *In Re Formal Advisory Opinion 05-11*, 284 Ga. 283 (fn. 1) (667 SE2d 93) (2008); *American Comp. Tech., Inc. v. Hardwick*, 274 Ga. App. 62, 68 (fn. 1) (616 SE2d 838) (2005).

888) (2005).   This Court has observed that there is "conflict inherent in counsel's dual role as advocate and witness," *Wright v. State*, 267 Ga. 496, 497 (2) (b) (480 SE2d 13) (1997), and for an attorney to act as both witness and advocate is a circumstance to be avoided.  Id.   Rather, "[t]he practice of trial attorneys testifying is not approved by the courts except where made necessary by the circumstances of the case. [Cit.]" *Timberlake v. State*, 246 Ga. 488, 500 (7) (271 SE2d 792) (1980).[2]

While these considerations would preclude McDade's acting as an advocate for the State before the jury, they do not address the issue of whether his disqualification as trial counsel as a consequence of his role as a witness should have been imputed to his entire staff.  When an attorney is precluded from "act[ing] as advocate at a trial" under Rule 3.7 (a) because he is a necessary witness, his status is not automatically imputed to other attorneys in his office, although the circumstances may leave the other attorneys with their own disqualifications.  "A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless

_____

[2] For instance, in *Timberlake*, this Court did not find any error in allowing the prosecutor to testify "in rebuttal only for impeachment purposes as to what a defense witness had said to the prosecutor."  Id. at 501. See also *Lance v. State*, 275 Ga. 11, 26 (36) (560 SE2d 663) (2002).

precluded from doing so by Rule 1.7 or Rule 1.9." Ga. R. Prof. Conduct 3.7 (b). And, precedent of this Court did not require that McDade's role as a witness disqualify all those on his staff. In its order denying Payne's motion to disqualify the entire Douglas Judicial Circuit District Attorney's office based upon McDade's disqualification as trial counsel, the trial court relied on *Brown v. State*, 261 Ga. 66, 72 (9) (401 SE2d 492) (1991). As to the issue of the district attorney serving as a witness , *Brown* stated:

> The trial court did not err by denying Brown's motion to recuse the entire office of the district attorney simply because the district attorney *himself*, who was a witness in the case, was disqualified. *Holiday v. State*, 258 Ga. 393 (9) (369 SE2d 241) (1988); *Frazier v. State*, 257 Ga. 690 (9) (362 SE2d 351) (1987).

*Brown*, supra (Emphasis supplied.)[3] When considering a claim of ineffective assistance of counsel, the reasonableness of counsel's performance is judged from counsel's perspective at the time. *Harris v. Upton*, 292 Ga. 491, 493 (2) (739 SE2d 300) (2013). Failure to argue an issue contrary to prevailing law would be ineffective assistance of counsel "only in a rare case." *Rickman v.*

---

[3] We note that a number of appellate decisions have recognized that when one *assistant district attorney* in an office is disqualified from acting, certain procedures may be employed to screen that assistant from the prosecution and it is not necessary that the entire district attorney's office be disqualified from prosecuting the case. See, e.g., *Ferguson v. State*, 294 Ga. 484, 485 (2) (754 SE2d 76) (2014); *Sealey v. State*, 277 Ga. 617, 619 (4) (593 SE2d 335) (2004); *Billings v. State*, 212 Ga. App. 125, 128-129 (4) (441 SE2d 262) (1994).

*State*, 277 Ga. 277, 280 (2) (587 SE2d 596) (2003) (Punctuation omitted.) See also *Redwine v. State*, 280 Ga. 58, 62-63 (3) (c) (623 SE2d 485) (2005). Appellate counsel's failure to raise on appeal any issue regarding McDade's preclusion from serving as a trial advocate under Rule 3.7 (a) of the Rules of Professional Conduct being imputed to the remainder of his office could not serve as a basis for a finding of ineffective assistance of appellate counsel.

Nonetheless, the habeas court found that McDade had a personal interest in the case that disqualified him from participating in the prosecution of the case at all, not just from serving as trial counsel. And, this finding does raise an issue implicating not only McDade's role in the prosecution, but that of his entire office. The elected district attorney is not merely any prosecuting attorney. He is a constitutional officer, and there is only one such officer in each judicial circuit. Ga. Const. of 1983, Art. VI, Sec. VIII, Para. I (a). Under our State Constitution, "[i]t shall be the duty of the district attorney to represent the state in all criminal cases in the superior court of such district attorney's circuit . . . ." Id. at Para. I (d). The elected district attorney appoints the assistant district attorneys, OCGA § 15-18-14, the assistant district attorneys serve only at his pleasure, and their authority is derived from him. OCGA § 15-18-19 (b). In a

Georgia criminal prosecution,

> the whole proceeding, from the time the case is laid before the [district attorney] until the rendition of the verdict, is under the direction, supervision, and control of that officer, subject to such restriction as the law imposes. Counsel employed to assist in the prosecution of criminal cases can perform no duties as such except those agreeable to and under the direction of the [district attorney.]

*Jackson v. State*, 156 Ga. 842, 850 (3) (120 SE 535) (1923). This Court has recognized that "a Georgia district attorney is of counsel in all criminal cases or matters pending in his circuit. This includes the investigatory stages of matters preparatory to the seeking of an indictment as well as the pendency of the case. [Cit.]" *King v. State,* 246 Ga. 386, 389 (7) (271 SE2d 630) (1980). And, for a prosecutor to have a conflict in such a case is contrary to public policy, and can warrant a new trial. See *Lane v. State*, 238 Ga. 407, 408-410 (4) (233 SE2d 375) (1977). See also *Clifton v. State*, 187 Ga. 502, 504 (1) (2 SE2d 102) (1939).

When the elected district attorney is wholly disqualified from a case, the assistant district attorneys — whose only power to prosecute a case is derived from the constitutional authority of the district attorney who appointed them — have no authority to proceed. While the statutory law permits the chief assistant

district attorney to temporarily accept the powers and duties of the elected district attorney in the event that the elected district attorney is physically disabled, mentally disabled, or temporarily absent from the circuit, see OCGA § 15-18-15 (b) (1) - (3), in the event that the elected district attorney is wholly disqualified, the statutes contemplate something else. Under OCGA § 15-18-5 (a):

> When a district attorney's office is disqualified from interest or relationship to engage in a prosecution, the district attorney shall notify the Attorney General of the disqualification. Upon receipt of such notification, the Attorney General shall:
> (1) Request the services of and thereafter appoint a district attorney, a solicitor-general, or a retired prosecuting attorney . . .;
> (2) Designate an attorney from the Department of Law; or
> (3) Appoint a competent attorney to act as district attorney pro tempore in place of the district attorney.

And, it is uncontroverted that no appointment or designation under OCGA § 15-18-5 (a) was made in this case.

The habeas court's finding that McDade had a personal interest in the prosecution was supported in the record. As the habeas court noted, McDade testified before the jury that his conversation with his daughter was "very troubling," and that his daughter's conversation with the victim was emotional.

9

McDade described his relationship with his daughter as very close, and her as an emotional person; he testified that his daughter's concern caused him to pay particular attention to the situation, and that he was "concerned that she's concerned." The habeas court also noted that, at trial, McDade had bolstered the credibility of another witness. Further, the habeas court noted that McDade had testified at the hearing on the motion to disqualify the district attorney's office that he had ceased to act in the prosecution shortly after the November 14, 2000 interview with Payne, but found that, nonetheless, the screening procedures supposedly erected to isolate McDade from the prosecution were not maintained, specifically citing testimony that, sometime in 2005 or 2006, McDade was involved in a witness interview with the victim. Accordingly, the habeas court did not clearly err in finding that McDade had a disqualifying conflict of interest in Payne's prosecution in that he had "acquired a personal interest or stake in the defendant's conviction." *Williams v. State*, 258 Ga. 305, 314 (2) (B) (369 SE2d 232) (1988).

As noted, the assistant district attorney who acted at trial did so under the authority vested in McDade as the elected district attorney. McDade's disqualifying personal conflict of interest removed that authority, and he was not

replaced as provided for by statute. As far as the opinion in *Brown*, supra, shows, that case involved an elected district attorney unable to serve as an advocate at trial because he was appearing as a witness; it did not involve an elected district attorney who was absolutely disqualified from any involvement in the prosecution because he had a personal conflict of interest. Thus, *Brown* would not have foreclosed an appeal based on the conflict of interest found by the habeas court. Accordingly, it was not error for the habeas court to conclude that, had this issue been raised on appeal, the result of his appeal would have been different. *Barker*, supra.[4]

Judgment affirmed. All the Justices concur, except Nahmias and Blackwell, JJ., who concur in the judgment only, and Melton, J., who dissents.

---

[4] As we affirm the habeas court on this ground, it is unnecessary to examine the habeas court's finding that a portion of McDade's testimony at trial was objectively false, or its conclusion that if the issue had been pursued on appeal, the result of Payne's appeal would have been different.