## S98A0734. BATTLES v. CHAPMAN.
### (506 SE2d 838)

HUNSTEIN, Justice.

We granted Joseph Battles a certificate of probable cause to appeal the denial of his petition for habeas corpus. Because we agree with Battles that his appellate counsel's performance was deficient and that there is a reasonable probability that counsel's error prejudiced the defense, we reverse the habeas court's ruling.

1. The United States Supreme Court in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) established the standard for ineffective assistance of counsel, and though the opinion is phrased in terms of ineffective assistance of trial counsel, it can be used as a basis for establishing a standard for ineffective assistance of appellate counsel. Accord *Griffen v. Aiken,* 775 F2d 1226, 1235 (7) (4th Cir. 1985); *Schwander v. Blackburn,* 750 F2d 494, 502 (12) (5th Cir. 1985); *Morgan v. Zant,* 743 F2d 775, 780 (8) (11th Cir. 1984). The *Strickland v. Washington* standard consists of a two-prong analysis: first, counsel's performance must have been deficient, and second, the deficiency must have prejudiced the defense. *Jenkins v. State,* 268 Ga. 468 (10) (491 SE2d 54) (1997). This Court has recognized that a habeas petitioner who meets both prongs of the *Strickland* test has established the necessary cause and prejudice to overcome the procedural bar of OCGA § 9-14-48 (d). *Turpin v. Todd,* 268 Ga. 820 (2) (493

---

[3] *Jackson v. Virginia,* 443 U. S. 307, supra.

SE2d 900) (1997).

(a) Battles contends his appellate counsel's performance was deficient because counsel failed to raise a nonfrivolous trial error for consideration by this Court.

> It is the attorney's decision as to what issues should be raised on appeal, and that decision, like other strategic decisions of the attorney, is presumptively correct absent a showing to the contrary by the defendant. *Jones v. Barnes*, 463 U. S. 745, 751-54 (103 SC 3308, 77 LE2d 987) (1983).

*Gaither v. Cannida*, 258 Ga. 557, 561 (3) (372 SE2d 429) (1988). "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. [Cit.]" *Smith v. Murray*, 477 U. S. 527, 536 (106 SC 2661, 91 LE2d 434) (1986), citing *Jones v. Barnes*, supra, 463 U. S. at 751-752. Accordingly, it has been recognized that

> [i]n attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made. [Cit.]

*Mayo v. Henderson*, 13 F3d 528, 533 (2nd Cir. 1994). Rather, in determining under the first *Strickland* prong whether an appellate counsel's performance was deficient for failing to raise a claim,

> [t]he question is not whether [an appellate] attorney's decision not to raise the issue was correct or wise, but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt.

*Parton v. Wyrick*, 704 F2d 415, 417 (8th Cir. 1983). Accord *Smith v. South Carolina*, 882 F2d 895, 898-899 (II) (4th Cir. 1989) (it is not necessary to evaluate the merits of the issue defendant claims appellate counsel should have raised; court must "only determine whether [counsel] made a reasonable decision in refusing to raise the claim").

By citing *Jones v. Barnes*, supra, 463 U. S. at 751-752 as the authority for its holding in *Gaither v. Cannida*, supra, 258 Ga. at 561 (3), this Court was recognizing that effective appellate representation requires counsel to make the tactical decisions about the relative strengths and weaknesses of arguments. However, the mere fact that a tactical decision was made does not place that decision

beyond all criticism. "Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we found it improper to review appellate counsel's choice of issues, the right to effective assistance of counsel on appeal would be worthless." *Gray v. Greer*, 800 F2d 644, 646 (7th Cir. 1986). We agree that the correct focus is not only on whether the decision was a deliberate, tactical move, but whether the decision was also reasonable on the basis of the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland v. Washington*, supra, 466 U. S. at 690; *Berry v. State*, 267 Ga. 476 (4) (480 SE2d 32) (1997). The reviewing court may not use hindsight to second-guess appellate counsel's strategy and tactical choices. See generally *Johnson v. State*, 268 Ga. 416 (4) (490 SE2d 91) (1997).

For a habeas petitioner to establish constitutionally inadequate performance of counsel based on the failure to assert a nonfrivolous error on appeal, the petitioner must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, supra, 13 F3d at 533. In assessing the petitioner's showing, a reviewing court should consider the trial errors which counsel had available to raise on appeal and determine whether counsel acted reasonably when choosing among those errors.

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the [reviewing] court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

*Gray v. Greer*, supra, 800 F2d at 646. The Eleventh Circuit Court of Appeals applied this analysis in *Matire v. Wainwright*, 811 F2d 1430 (III) (11th Cir. 1987), holding that appellate counsel's performance was substandard because counsel asserted "only a single, weak issue, notwithstanding the fact that a substantial, meritorious Fifth Amendment issue was obvious upon even a casual reading of the trial transcript." Id. at 1438. See also *Fagan v. Washington*, 942 F2d 1155, 1157 (7th Cir. 1991).

We conclude that the Federal courts' approach to this issue is consistent with *Strickland v. Washington* and consonant with Georgia law. Accordingly, we hold that when appellate counsel's performance is claimed to be deficient because of a failure to assert an error

on appeal, the reviewing court should resolve whether the decision was a reasonable tactical move which any competent attorney in the same situation would have made, by comparing the strength of the errors raised against the significance and obviousness of the alleged error passed over. The presumption of effective assistance of counsel can be overcome only when the ignored issue was so clearly stronger than the errors presented that the tactical decision must be deemed an unreasonable one which only an incompetent attorney would have adopted.[1]

(b) We apply these principles to Battles' claim that appellate counsel's performance was deficient. The record reveals that Battles was charged with malice murder and felony murder based on the underlying felony of aggravated assault. He was convicted of felony murder in November 1991. The evidence adduced at his trial established that Battles struck the victim, who was dating Battles' former girl friend, from behind in the head with a round-pointed instrument that broke through the victim's skull and caused a fatal concussion. In his statement to the police, Battles claimed that the victim had approached Battles and confronted him about an argument between Battles and the former girl friend. Battles told police that the victim had kicked him in the knee, knocking him to the ground. Battles then followed the victim into another room and, without any further provocation, inflicted the fatal injury. In its instructions to the jury on voluntary manslaughter, the trial court charged the jury that "[i]f you do not believe [Battles] is guilty of either malice murder or felony murder, you should then consider whether or not . . . [Battles] is guilty of the lesser included offense of voluntary manslaughter." The trial transcript reflects that Battles' trial counsel reserved his objections to the charge.

Battles did not file a motion for new trial but instead filed an appeal, which was docketed in this Court on February 21, 1992. Battles' trial counsel served as his appellate counsel and filed a brief on behalf of Battles arguing seven enumerations of error. Both the brief and the separately-stated enumerations of error were filed on

---

[1] Because a petitioner must establish both prongs of the *Strickland* test, courts frequently choose to skip the deficient performance prong and resolve an ineffectiveness claim solely on the basis of the prejudice prong. See, e.g., *Brown v. State*, 225 Ga. App. 49 (1) (b) (483 SE2d 318) (1997). However, in addressing claims like the one asserted in this case , the better focus is on the strength of the arguments that appellate counsel did present (first prong) rather than the weakness of those issues that he elected not to raise (second prong), especially given that appellate counsel may be found to have acted reasonably in failing to raise an error, and thus his performance was not deficient, even where a petitioner can establish that the omitted error was potentially meritorious. See Michel, Constitutional Law — Ineffective Assistance of Appellate Counsel, 78 Mass. L. Rev. 110 (Sept. 1993). Accordingly, in claims of this nature, judicial economy may best be served by addressing the deficient performance prong of the *Strickland* test first.

March 20, 1992. In the second enumeration, counsel urged this Court to adopt a merger rule that would preclude a conviction for felony murder which was based on any aggravated assault by the defendant on the victim[2] and thus reverse Battles' conviction. Seventeen days before Battles' appeal was docketed and 45 days before Battles' brief and enumerations were filed, this Court rendered its holding in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), in which we decided not to adopt the merger doctrine in toto but only to follow a modified merger rule. The argument Battles' counsel raised was rejected in a case rendered two days after *Edge*. *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829) (1992) (decided February 6, 1992, 15 days before Battles' appeal was docketed and 43 days before his brief and enumerations were filed). Although Battles' counsel expressly cited *Edge v. State* in his appellate brief when discussing the second enumerated error, argument was limited solely to the reasons why the full merger rule represented the better rule in this area of the law. Appellate counsel was aware that objections to the charge had been reserved and that objections to the charge could be raised on appeal because two other enumerations raised such alleged error; the appellate brief recited that the defense had reserved objections to the charge "until such time as provided by law"; and the brief cited the correct page in the transcript where the reservation of objections had been made. However, neither in the enumeration addressing the merger rule and *Edge v. State*, the enumerations dealing with errors in the trial court's charge, nor in any of the remaining enumerations[3] did counsel assert that reversible error occurred in Battles' trial as a result of the trial court's sequential charge requiring the jury to consider voluntary manslaughter only if it had first considered and found the defendant not guilty of malice murder and felony murder. See *Edge*, supra at 867. Battles' challenge to *Edge* was rejected and this Court affirmed Battles' conviction. *Battles v. State*, 262 Ga. 415 (420 SE2d 303) (1992).

Based on the facts in this case, we cannot conclude that the decision by Battles' appellate attorney not to raise the sequential charge error was a reasonable decision any other competent attorney would have made under the same circumstances given the relative weakness of his merger rule argument and the almost certain reversal

---

[2] Appellate counsel also secured an amicus brief from the National Association of Criminal Defense Lawyers that was filed in this Court on this issue.

[3] The first enumeration contended error in an instruction given the jury at the beginning of the trial regarding probated sentences; the third enumeration addressed the trial court's denial of a mistrial motion upon the placing of Battles' character into evidence; the fourth enumeration asserted a fatal variance between the allegata and the probata; and the final enumeration challenged the admission into evidence of gruesome photographs of the victim.

from the sequential charge error. Counsel's citation to *Edge v. State* must be construed to mean he had read and understood the case, and was thus aware both that the Court had rejected the argument he chose to assert and that the Court had set forth strict guidelines regarding the jury instructions affected by its ruling. Counsel chose to enumerate as error an obviously weak argument, i.e., that the same Court that had decided *Edge* should overrule its recently-decided holding, and to neglect a far stronger argument, i.e., that the sequential charge given by the trial court required reversal under *Edge*. That appellate counsel's performance was substandard is reinforced by the fact that the sequential charge error was obvious upon even a casual reading of the trial transcript.

Accordingly, after comparing the strength of the errors raised by appellate counsel against the significance and obviousness of the sequential charge error counsel elected to omit, we conclude that the ignored issue was so clearly stronger than the errors presented that counsel's tactical decision must be deemed an unreasonable one which only an attorney whose performance was deficient would have adopted.[4] Therefore, we find that Battles carried his burden of proof on the first prong of the *Strickland* test and has overcome the presumption that his appellate counsel's tactical decision was correct.

2. Battles contends his appellate counsel's deficient performance prejudiced his defense. The prejudice component under *Strickland* involves a determination whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. Id., 466 U. S. at 694. The prejudice analysis does not focus solely on mere outcome determination, but looks to whether the result of the proceeding was fundamentally unfair or unreliable, i.e., whether it deprived the defendant of any substantive or procedural right to which the law entitled him. *Lockhart v. Fretwell*, 506 U. S. 364, 372 (113 SC 838, 122 LE2d 180) (1993).

The error in the instant appeal involved a sequential charge that required the jury to consider voluntary manslaughter only if it had considered and found Battles not guilty of malice murder and felony

---

[4] The habeas court's ruling against Battles was premised on the incorrect conclusion that appellate counsel had not objected to the trial court's charge; however, Battles' habeas petition cited the precise page where counsel reserved his objections and this Court's ruling on Battles' direct appeal resolved two errors asserted by counsel regarding the trial court's charge. Thus, although the testimony of appellate counsel at the hearing on Battles' habeas petition (conducted over five years after we affirmed Battles' conviction) indicated that counsel believed he had failed to make a contemporaneous objection at trial and that this failure prevented him from raising an error regarding the sequential charge on appeal, this testimony is controverted by the record as it existed at the time counsel made his tactical decision.

murder. Such a charge

> is not appropriate where there is evidence that would authorize a charge on voluntary manslaughter. The "sequential" charge eliminates the jury's full consideration of voluntary manslaughter because, if it concludes a felony murder occurred, it would not then go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter.

*Edge v. State*, supra, 261 Ga. at 867. The record establishes that, when reviewing the prejudice component in light of the development of the law since the time *Edge* was rendered, see *Lockhart v. Fretwell*, supra, 506 U. S. at 371-372, the error committed by counsel in failing to raise the sequential charge issue would still require reversal of Battles' conviction.[5] We need not consider whether an analysis of error in the appellate context looks solely to whether there was a "reasonable probability" that the outcome of the appeal would have been different, see *Mayo v. Henderson*, supra, 13 F3d at 534, or whether the proper focus is on the projected outcome of a retrial of the conviction, see *Matire v. Wainwright*, supra, 811 F2d at 1439, fn. 8, since in the instant case we conclude that there was a reasonable probability that the outcome of the proceeding, both on appeal and at trial, would have been different had appellate counsel raised the charge as error on appeal. Therefore, because the error deprived Battles of substantive or procedural rights to which the law entitles him, see *Lockhart v. Fretwell*, supra, 506 U. S. at 372, we hold that Battles carried his burden of establishing prejudice. Accordingly, the habeas court erred by denying Battles' petition.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Richard L. Dickson,* for appellant.

---

[5] Battles' appeal was pending after the holding in *Edge* was rendered, see *Taylor v. State*, 262 Ga. 584 (422 SE2d 430) (1992); Battles was convicted of felony murder rather than malice murder, compare *McGill v. State*, 263 Ga. 81 (3) (428 SE2d 341) (1993); Battles' counsel reserved objections to the charge, compare *Dunbar v. State*, 263 Ga. 769 (4) (438 SE2d 356) (1994); the record does not reflect that Battles requested the sequential charge, compare *Roulain v. Martin*, 266 Ga. 353 (2) (466 SE2d 837) (1996); the transcript reflects that evidence was adduced to authorize a charge on voluntary manslaughter, compare *Martin v. State*, 262 Ga. 312 (1) (418 SE2d 12) (1992); and there was no showing that the jury considered the voluntary manslaughter charge despite the improper sequential charge. Compare *Lajara v. State*, 263 Ga. 438, 439-440 (435 SE2d 600) (1993).

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.