## S06A1179. UPTON v. JONES.
### (635 SE2d 112)

CARLEY, Justice.

Justin Zale Jones was tried before a jury and was convicted of armed robbery and improper display of license plates. On direct appeal, two of his four enumerations were that a show-up identification of him by the victim was improperly admitted into evidence and that the jury's verdict was not voluntarily reached. Deeming these two enumerations to be abandoned because of appellate counsel's failure to support them with citations to the record or with legal argument, the Court of Appeals affirmed the convictions in an unpublished opinion. *Jones v. State*, 246 Ga. App. XXVII (2000). As for the remaining two issues, one was waived in the trial court, and the other, having been raised and argued by appellate counsel, was considered and resolved on the merits in the Court of Appeals.

Jones subsequently filed a petition for writ of habeas corpus. In its order, the habeas court initially considered the substance of the two issues previously abandoned in the Court of Appeals and found that Jones' due process rights were violated. The habeas court then ruled that, although it was unnecessary to reach the issue, appellate counsel was ineffective in pursuing the direct appeal, and that the issues raised by Jones on habeas were not procedurally barred or waived. Accordingly, the habeas court granted relief and ordered "a

---

new trial on the impermissibly suggestive identification and jury verdict issues." The Warden filed a timely notice of appeal from this order.

1. More than three and a half months after the notice of appeal was filed, the habeas court entered an amended order "to make clear that Habeas relief was also granted based on ineffective assistance of counsel." The Warden contends that the habeas court lacked jurisdiction to amend its original order during the pendency of this appeal. Jones responds that the court merely corrected a clerical mistake pursuant to OCGA § 9-11-60 (g). However,

> not even that option is available since the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect. [Cits.]

*Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979). See also *Kidd v. Unger*, 207 Ga. App. 109, 111 (3) (427 SE2d 82) (1993). The habeas "court's amended order, therefore, cannot be considered for purposes of this appeal," even if a remand becomes necessary as a consequence. *Kidd v. Unger*, supra.

2. The Warden complains that the habeas court, in its order, proceeded immediately to the merits of the two claims which had been abandoned in the Court of Appeals, without any threshold consideration as to whether they were barred by procedural default. However, the habeas court did address the issue of procedural bar in the latter portions of its order, and did not err simply because it failed to set forth its conclusions in a more logical sequence. Compare *Chatman v. Mancill*, 278 Ga. 488, 490 (604 SE2d 154) (2004) (remand is necessary where the habeas court grants relief without ever determining that the petitioner overcame the procedural default).

Although the habeas court stated that it did not need to reach the issue of ineffective assistance, it also held that appellate counsel's failure to present the two substantive issues effectively on appeal was sufficient cause for non-compliance with procedural rules on direct appeal. Thus, the habeas court relied on ineffective assistance, not as a separate claim, but as cause to overcome procedural default. See *Turpin v. Todd*, 268 Ga. 820, 829 (2) (b), fn. 43 (493 SE2d 900) (1997). Pursuant to OCGA § 9-14-48 (d), however, overcoming a procedural bar requires that Jones "not only demonstrate cause for failing to raise the claim[s] [properly] on direct appeal, but also actual prejudice. [Cit.]" *Turpin v. Todd*, supra at 828 (2) (b). Therefore, we must

consider the Warden's primary contention, which relates to the requirement that Jones show actual prejudice.

3. The Warden urges that Jones failed to establish the requisite prejudice to excuse the procedural default or to prevail on his claim of ineffective appellate counsel. The habeas court did not make a finding of prejudice in its discussion of procedural bar, but did in its analysis of ineffective assistance. "A claim of ineffective assistance of appellate counsel requires a showing both that counsel's performance was deficient and that the deficiency prejudiced the outcome of the defendant's appeal. [Cits.]" *Crawford v. Thompson*, 278 Ga. 517, 518 (603 SE2d 259) (2004). See also *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). A habeas petitioner who meets the prejudice prong of this test establishes thereby the prejudice which is required to overcome the procedural bar of OCGA § 9-14-48 (d). *Battles v. Chapman*, supra; *Turpin v. Todd*, supra at 828-829 (2) (b).

The habeas court held that appellate counsel's "total failure to comply with the rules of the Court of Appeals and his complete abandonment of [Jones'] direct appeal resulted in presumptive prejudice arising to [him]." However, there was not such a complete denial of counsel that a presumption of prejudice is appropriate. Here, Jones' appellate counsel raised and argued one issue which was resolved on the merits, but failed to advance two other contentions to the extent necessary to satisfy the Court of Appeals. If an appeal is taken and the appellate lawyer thereafter abandons certain issues, the critical factor in determining whether to presume prejudice "is the difficulty 'for a court to evaluate the likelihood of success on appeal when the potential issues on that appeal were never identified.' [Cit.]" *Cellier v. State*, 18 P3d 259, 264 (Kan. App. 2001), disapproved on other grounds, *State v. Swanigan*, 106 P3d 39, 57 (Kan. 2005). "Here, the abandoned issue[s] [have] been clearly defined, and no reason has been offered why any prejudice resulting from [their] abandonment may not be reliably determined." *Kitchen v. United States*, 227 F3d 1014, 1021 (III) (7th Cir. 2000).

> Because counsel's deficient performance did not force the court "to employ (its) imagination( ) to determine what appealable issues were present," this did not present "a situation in which [Jones] was 'abandoned' by his attorney or the denial of counsel on appeal was 'complete.' " [Cit.]

*Cellier v. State*, supra at 264-265. Compare *Roe v. Flores-Ortega*, 528 U. S. 470, 483-486 (II) (2), (3) (120 SC 1029, 145 LE2d 985) (2000). "This is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, and prejudice must be presumed. [Cit.]" *Kitchen v. United States*, supra.

The habeas court alternatively found actual prejudice resulting from appellate counsel's deficient performance. It appears that the court relied exclusively on the mere fact that the Court of Appeals never considered the two abandoned issues on the merits. Again, however, the test for actual prejudice is " 'whether there is a reasonable probability that the *result* of the appeal would have been different. . . .' [Cit.]" (Emphasis supplied in part, omitted in part.) *Crawford v. Thompson*, supra at 520. "[T]he fact that the Court of Appeals did not review the issue[s] shows only the potential for prejudice." *Walker v. Houston*, 277 Ga. 470, 471 (1) (588 SE2d 715) (2003). There was not any actual prejudice unless the abandoned issues had merit *and*, if considered apart from any presumption of prejudice, would have resulted in a new trial. The habeas court did not address that issue.

Even assuming that the habeas court implicitly relied on its prior analysis of the merits of the two abandoned issues, that analysis does not indicate any finding of actual prejudice. With regard to the alleged irregularity in jury conduct, the habeas court merely relied on the presumption of prejudice which applies in direct appeals. That reliance was misplaced. Even if prejudice is presumed "for certain errors when they are timely raised, . . . a convicted defendant who is seeking to overcome a procedural bar does not have the benefit of that presumption of prejudice, and must instead meet the actual prejudice test . . . ." *Turpin v. Todd*, supra at 828 (2) (b) (involving the presumption of prejudice for improper jury communications). The habeas court never determined whether actual, rather than presumed, prejudice arose from the abandonment of the jury conduct issue.

As for the alleged misidentification, the habeas court erroneously remanded the case, not only for a new trial, but specifically for a pre-trial hearing to determine whether there was a substantial likelihood of misidentification. *Newsome v. Black*, 258 Ga. 787, 788 (1) (374 SE2d 733) (1989). See also *State v. Hernandez-Cuevas*, 202 Ga. App. 861, 862 (415 SE2d 713) (1992) (citing *Balkcom v. Hurst*, 220 Ga. 405-406 (139 SE2d 306) (1964) for the proposition that the habeas court is "without authority to make any disposition other than to remand the defendant to the custody of the trial court"). Thus, the habeas court left the final decision on the merits of the identification issue to the trial court on remand, and clearly did not ever determine whether that particular issue, if considered on appeal, would have resulted in a new trial for Jones. Accordingly, the habeas court did not decide whether appellate counsel's abandonment of the identification issue caused actual prejudice.

Because the habeas court applied incorrect legal standards in finding the prejudice which is necessary to excuse a procedural

default, we remand the case to that court for it to determine actual prejudice in light of this opinion. *Turpin v. Todd,* supra at 830 (2) (b).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Julie A. Adams, Assistant Attorney General,* for appellant.

*Finestone & Morris, Bruce H. Morris, Mark J. Kadish,* for appellee.