## S11A1970. WALKER v. HAGINS.

(722 SE2d 725)

CARLEY, Presiding Justice.

Following a jury trial on May 30, 2003, Robert Lavon Hagins was convicted of voluntary manslaughter and sentenced to 20 years in prison. On appeal, Hagins challenged the sufficiency of the evidence and also enumerated as error the trial court's denial of a motion to dismiss the jury panel due to alleged errors by the clerk in excusing possible jurors. The Court of Appeals affirmed in an opinion which was not officially reported, holding that the evidence was sufficient and also holding that since the transcript of the hearing on the motion to dismiss the jury panel was not provided, it must be assumed that the trial court correctly exercised its discretion in denying the motion. *Hagins v. State*, 302 Ga. App. XXV (2010). Hagins filed a motion for reconsideration, and, at his request, the Court of Appeals issued an order on February 26, 2010, directing the trial court clerk to supplement the appellate record with the hearing transcript within five days. However, the trial court clerk did not comply with the order, and the Court of Appeals denied the motion for reconsideration on April 7, 2010, finding that Hagins, as the appellant, had the burden of providing a complete record on appeal.

On October 8, 2010, Hagins filed a pro se petition for writ of habeas corpus, in which he enumerated five grounds for relief. The first ground was that appellate counsel had rendered ineffective assistance by failing to ensure that all of the transcripts were included in the appellate record. After an evidentiary hearing, the habeas court issued a final order granting relief on the claim of ineffective assistance of appellate counsel and denying relief on the other grounds, concluding that they were defaulted as they were not raised on direct appeal. The Warden appeals from the habeas court's grant of relief.

Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to prevail on a claim of ineffective assistance of appellate counsel, the petitioner bears the burden of showing both that counsel's performance was deficient and that the deficiency prejudiced the appeal. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). The deficiency prong " 'requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment.' " *Anderson v. State*, 285 Ga. 496, 498 (3) (678 SE2d 84) (2009). Moreover, the petitioner " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.]" *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). The prejudice prong requires the petitioner to show that there is " 'a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.]" *Hardeman v. State*, 281 Ga. 220, 221 (635 SE2d 698) (2006). Finally,

> [a] habeas court's determination on a claim of ineffective assistance of counsel is to be affirmed unless the reviewing court concludes the habeas court's factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel. [Cit.]

*Head v. Thomason*, 276 Ga. 434, 436 (1) (578 SE2d 426) (2003).

In the present case, the habeas court found that Hagins' appellate counsel had been deficient for failing to ensure that the transcript of the hearing on the motion to dismiss the jury panel was included in the record on appeal and that Hagins was prejudiced by this deficiency. The habeas court found the following facts:

> [Appellate counsel] filed a Motion for New Trial on behalf of Petitioner which was denied by the court. He then filed a notice of appeal with the Supreme Court by mistake; however, that Court transferred it to the Court of Appeals automatically. [Cit.] The transcript was not sent to the Court of Appeals, specifically the particular issue involving the excusal of jurors at the trial level by the clerk. [Cit.] The Court of Appeals sent an Order . . . to the clerk of Bullock [sic] County directing the clerk to send the transcript from below. However, that Order was never followed, and the transcript was never received by the Court of Appeals. Therefore, the Petitioner lost his appeal and the Motion for Reconsideration. [Cit.]

After review, we find that the habeas court's findings of fact are supported by the record and thus are not clearly erroneous. However, "[i]t remains our task to consider whether those facts support the legal conclusion that counsel [was] ineffective and that the ineffectiveness prejudiced [Hagins]. [Cit.]" *Head v. Thomason*, supra. The entire legal analysis written by the habeas court in its order consists of the following:

> Petitioner's counsel failed to ensure that the transcript was received by the Appellate Court, and, thereby, effected deficient performance. Therefore, the Petitioner's case was prejudiced by counsel's failure in that, ultimately, the outcome of his appeal may have been different.

Pretermitting whether the facts support the habeas court's conclusion that appellate counsel was deficient, the habeas court erred by simply presuming prejudice from the alleged deficiency.

With regard to the prejudice prong of an ineffective assistance of counsel claim, this Court has

> identified only three instances in which [a petitioner] would be authorized to rely upon a presumption to meet his burden of establishing prejudice: "(1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel (who) labors under an actual conflict of interest that adversely affects his performance. (Cit.)" [Cit.]

*Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004). As none of the three instances applies in the present case, the habeas court erred in simply presuming prejudice from appellate counsel's alleged deficiency. The habeas court should have issued findings explaining how the outcome of Hagins' appeal may have been different if the transcript at issue would have been available for review by the appellate court. The burden is on Hagins to show prejudice, and the habeas court failed to explain how this burden was met. Nonetheless, after review of the transcript and the evidence in the record, we find that Hagins has failed to fulfill his burden of showing prejudice.

In his appeal to the Court of Appeals, Hagins contended that the trial court erred by excusing potential jurors indiscriminately in violation of OCGA § 15-12-1.1 and of this Court's holding in *Yates v. State*, 274 Ga. 312, 314-316 (2) (553 SE2d 563) (2001). Pursuant to OCGA § 15-12-1.1 (a), a trial court may excuse a potential juror if he or she is engaged "in work necessary to the public health, safety, or good order," is a full-time student, is the primary caregiver of a child six years of age or younger, is a "primary teacher in a home study program," or shows other good cause. However, "whether to excuse a juror for hardship lies within the trial court's discretion." *Gulley v. State*, 271 Ga. 337, 344 (7) (519 SE2d 655) (1999). Moreover, a trial court's discretion to excuse jurors exists independent of and in addition to its statutory duty to excuse jurors. *Sealey v. State*, 277 Ga. 617, 620 (8) (593 SE2d 335) (2004).

In the present case, it is undisputed that the clerk of the court, rather than the trial judge, granted exemptions from jury duty. However, it is undisputed that the clerk was duly appointed to excuse jurors, as permitted by OCGA § 15-12-1.1 (a) (1), and followed a standing order issued by the judges of the Ocmulgee Judicial Circuit. The evidence presented at the hearing on the motion to dismiss the jury panel shows that 500 potential jurors were ultimately drawn. At

the hearing on the motion to dismiss the jury panel, evidence was presented that the jury summons for 218 potential jurors were returned undeliverable, two jurors had permanent excusals, 44 jurors had moved from the county, five were deceased, 34 were over age 70, and 52 were unaccounted for. Out of the total 500 jurors drawn, only 30 were given statutory or discretionary excusals. Out of this 30, Hagins challenged the excusal of only 11, either on the basis that an affidavit was not filed or that the proffered excuse does not neatly fit into the statutory scheme of OCGA § 15-12-1.1. In short, Hagins asserted that his conviction should be reversed due to alleged clerical errors regarding 11 jurors out of a total of 500. We refuse to countenance such an argument by holding that it may have had an effect on the outcome of Hagins' appeal or that there is a reasonable probability that it would undermine confidence in the outcome. Moreover, even if the juror excusals at issue constituted a substantial number of the total, "we do not find 'such disregard of the essential and substantial provisions of the statute as would vitiate the array( ).' [Cit.]" *Bryant v. State*, 288 Ga. 876, 882 (6) (708 SE2d 362) (2011). Neither the transcript at issue nor any other evidence shows "that the excusals or deferrals in this case were allowed in such a manner as to alter, deliberately or inadvertently, the representative nature of the jury lists. [Cit.]" *English v. State*, 290 Ga. App. 378, 383 (3) (b) (659 SE2d 783) (2008). Finally, "[t]he jury panels which were put upon the accused contained [115] veniremen, substantially more than required by OCGA § 15-12-160." *Hall v. State*, 254 Ga. 272 (3) (328 SE2d 719) (1985). Accordingly, as the trial court did not err in denying the motion to dismiss the jury panel, Hagins has failed to show how the outcome of his appeal may have been different if the transcript of the hearing on the motion to dismiss the jury panel had been available for the Court of Appeals to consider.

As *Strickland v. Washington* requires Hagins to prove both prongs of the ineffective assistance of counsel test, and as he has failed to prove the second prong that he was prejudiced by any alleged deficiency, the habeas court erred in holding that appellate counsel provided ineffective assistance and thus erred in granting the petition for writ of habeas corpus.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General,* for appellant.