## S12A0634. GRIFFIN v. TERRY.
(729 SE2d 334)

HUNSTEIN, Presiding Justice.

We granted Appellant Melvin Griffin's application for a certificate of probable cause to examine whether the habeas court erred in rejecting Griffin's claim of ineffective assistance of appellate counsel. Having answered that question in the negative, we affirm.

Griffin was convicted of murder and related offenses and was sentenced to life imprisonment plus 65 years consecutive. His convictions and sentences were affirmed on appeal, except as to one lesser included count, which was vacated. *Griffin v. State*, 265 Ga. 552 (458 SE2d 813) (1995). In 2008, through counsel, Griffin filed a petition for habeas corpus claiming that his right to be present at critical stages of trial had been violated when the trial judge questioned a juror during the trial outside Griffin's presence. Griffin also asserted a claim of ineffective assistance of appellate counsel for his attorney's failure to raise the right-to-be-present issue on appeal. After an evidentiary hearing at which Griffin and his former appellate counsel testified, the habeas court denied the habeas petition.

The record undisputedly reflects that, after Griffin's trial had commenced, a juror informed the trial judge that she wanted to clarify her response to a question at voir dire the previous day asking whether prospective jurors had any family members who had been arrested and whom they felt had been treated unfairly. This question was posed by the prosecutor in the context of other questions seeking

to elicit any ill will among prospective jurors towards law enforcement. Though she had not so indicated during voir dire, the juror reported that two of her nephews and one of her nieces had been accused of homicide in another state approximately 20 years earlier, and explained that she had not revealed this information during voir dire because she had thought the question was limited to arrests in her immediate family. Upon the court's inquiry, which took place in the presence of the prosecutor and defense counsel, she indicated that she did not think her newly disclosed history would affect her ability to be an impartial juror, and she was permitted to remain on the jury. Subsequently, Griffin was brought into the courtroom, and the trial resumed with no further mention of the colloquy. At no time during the trial proceedings was there any objection to Griffin's absence during the juror colloquy, nor was this issue raised on direct appeal.

1. "It is the legal right of a person accused of crime in this State to be present at all stages of his trial, such right being derived from our Constitution. . . . This principle has been recognized since the establishment of this court." (Citation omitted.) *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955). Indeed, we have described this right as a " 'fundamental right and a foundational aspect of due process of law.' [Cit.]" *Ward v. State*, 288 Ga. 641, 645 (4) (706 SE2d 430) (2011). Accordingly, we have held that violations of this right, once established, are not subject to the typical "harmless error" review by which most trial errors are assessed on direct appeal. See, e.g., id. at 645-647 (4) (prejudice presumed, and thus reversal required, where juror excused by trial court outside defendants' presence); *Sammons v. State*, 279 Ga. 386, 387 (2) (612 SE2d 785) (2005) ("[i]f a defendant is denied the right to be present at a critical stage, prejudice is presumed and a new trial is mandated"); see also *Brooks v. State*, 271 Ga. 456 (2) (519 SE2d 907) (1999) (reversing conviction, without analysis of prejudice, where defendant absent from in-chambers conferences during which jury strikes were conducted).

Here, however, it is undisputed that Griffin's absence from the juror colloquy not only went unobjected to at trial but also was not raised on direct appeal. Accordingly, as correctly recognized by the habeas court, Griffin's substantive right-to-be-present claim was procedurally defaulted, and Griffin has made no assertion of cause and prejudice such as might overcome this default. See OCGA § 9-14-48 (d).[1]

---

[1] While Griffin could have argued that appellate counsel's alleged ineffectiveness constituted sufficient cause, and resulted in sufficient prejudice, to overcome the procedural bar, see, e.g., *Turpin v. Todd*, 268 Ga. 820 (2) (493 SE2d 900) (1997), Griffin has not done so.

2. Griffin has also, however, asserted a claim of ineffective assistance of appellate counsel, contending that his appellate lawyer's failure to raise the right-to-be-present claim constituted deficient performance that prejudiced the outcome of his case. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice caused by such deficiency. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). To establish deficient performance, a habeas petitioner must overcome the strong presumption that appellate counsel's actions fell within the broad range of reasonable professional conduct. *Walker v. Hagins*, 290 Ga. 512, 512 (722 SE2d 725) (2012). In evaluating appellate counsel's performance,

> [t]he question is not whether [an appellate] attorney's decision not to raise [a particular] issue was correct or wise, but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt. [Cit.]

*Battles*, supra, 269 Ga. at 703 (1) (a). Accord *Chatman v. Mancill*, 280 Ga. 253, 258 (2) (c) (626 SE2d 102) (2006). As to the prejudice prong, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *Walker*, supra, 290 Ga. at 512-513. The habeas court's determination as to counsel's alleged ineffectiveness must be affirmed unless the habeas court's findings of fact are clearly erroneous or are legally insufficient to establish that counsel was ineffective. Id. at 513.

Here, we need not assess whether appellate counsel performed deficiently in failing to raise the right-to-be-present issue, because we find that Griffin has failed to establish the requisite prejudice to prevail on his ineffectiveness claim. See *Walker v. Houston*, 277 Ga. 470 (1) (588 SE2d 715) (2003) (in reviewing ineffectiveness claim, court is not required to address deficient performance component if petitioner has failed to establish prejudice). Though Griffin would have been entitled to the benefit of presumed prejudice on direct appeal, see *Ward*, supra, 288 Ga. at 645-647 (4); *Sammons*, supra, 279 Ga. at 387 (2), we have held that where structural errors are "raised in the context of an ineffective assistance of counsel claim, prejudice will not be presumed." *Reid v. State*, 286 Ga. 484, 488 (3) (c) (690 SE2d 177) (2010). See *Upton v. Jones*, 280 Ga. 895, 898 (3) (635 SE2d 112) (2006) (declining to presume prejudice with respect to error, which would have carried presumption of prejudice on direct appeal, where raised as basis for appellate ineffectiveness claim); see also *Bridges v.*

*State,* 286 Ga. 535 (3) (690 SE2d 136) (2010) (rejecting claim of ineffectiveness based on trial counsel's failure to assert right-to-be-present issue where actual prejudice at trial not shown); *Peterson v. State,* 284 Ga. 275, 279-280 (663 SE2d 164) (2008) (same). Rather, Griffin must satisfy the "actual prejudice" test. See *Greer v. Thompson,* 281 Ga. 419, 422 (637 SE2d 698) (2006). "There [i]s not any actual prejudice unless the abandoned issues had merit and, *if considered apart from any presumption of prejudice,* would have resulted in a new trial." (Emphasis supplied.) *Upton,* supra, 280 Ga. at 898 (3).

Thus, to show actual prejudice to his appeal, Griffin must demonstrate that his absence from the brief juror colloquy would have been reversible error without the benefit of presumed prejudice. To do so, he must establish a reasonable probability that the error would have been found not harmless at trial, i.e., a "reasonable probability that the outcome would have been more favorable if counsel had objected to his absence during the [juror colloquy]." *Bridges,* supra, 286 Ga. at 539 (3). Griffin has not done so, as he has adduced no evidence, nor even argued, that the result of his trial would have been different had his absence from the juror colloquy been prevented or corrected.

We reject the argument that this standard, which requires assessing the effect of the error on the outcome at trial, cannot comport with our general standard for prejudice in the appellate ineffectiveness context: "a reasonable probability that the result of the *appeal* would have been different." (Emphasis in original.) *Nelson v. Hall,* 275 Ga. 792, 794 (573 SE2d 42) (2002). We acknowledge that, in *Nelson,* we expressly rejected the position that appellate prejudice should be assessed by examining the probability of a different result on retrial. See id. ("the inquiry does not focus on the projected result on remand or retrial, but whether there is a reasonable probability that the result of the *appeal* would have been different"). To the extent the standard we have articulated here is inconsistent with a literal reading of our general prejudice standard for appellate ineffectiveness, we find it prudent and reasonable to deviate from the general standard where trial errors carrying presumed prejudice are involved, so as to avoid straying too far from the fundamental purpose of Sixth Amendment ineffectiveness claims: "to ensure a fair trial . . . [and] a just result." *Strickland,* supra, 466 U. S. at 686.

To reiterate, we hold that, to show prejudice under *Strickland* where appellate ineffectiveness is alleged due to the failure to assert an error that carries presumed prejudice on direct appeal, the appellant must establish a reasonable probability that the error would have been reversible on appeal, and, to do so, must establish a reasonable probability of a different outcome at trial had the error

been prevented or corrected. Because Griffin has not satisfied this standard, his claim of ineffective assistance of appellate counsel fails, and we therefore affirm the habeas court's denial of his habeas corpus petition.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*August F. Siemon III,* for appellant.

*Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General,* for appellee.