S12A1632. SEABOLT v. HALL.
(737 SE2d 314)

MELTON, Justice.

Following the lower court's grant of habeas corpus relief to Michelle Garner Hall, the State appeals, contending, among other things, that the trial court erred by applying a presumption of prejudice when reviewing Hall's sole claim that she received ineffective assistance of counsel. For the reasons set forth below, we reverse.

Following a jury trial, Hall was convicted for the murder and aggravated assault of her husband, John Britt Hall. This Court affirmed on appeal, and, as set forth in *Hall v. State*, 287 Ga. 755 (1)

(699 SE2d 321) (2010), the underlying facts of this case are as follows:

> [Hall] was married to the victim and . . . the couple was experiencing stress as a result of serious financial difficulties. On July 30, 2008, [Hall] called 911 and stated that the victim had shot at her and then shot himself. There was medical testimony that the victim was shot in the chest from a distance between six and eight inches and died from this injury. The victim also sustained pre-mortem gunshot wounds to his thigh and the back of his left arm and had a bruise behind his right ear. The jury heard the audio recording of [Hall]'s 911 call and the video recorded statements she made to police officers, in which she initially reiterated her suicide statement but later claimed that, after a struggle in which the victim was accidentally shot in the leg, she got the weapon, left the house, tried to unload it, then returned inside where, during a final struggle in which the victim wrapped his arms around her and pulled her down, the gun discharged inflicting the chest wound. The only other person in the home at the time of these events was [Hall]'s eight-year-old daughter, Alyssa Davis, who testified that, from her bedroom directly over the struggling couple, she heard the victim repeatedly tell [Hall] to "put the gun down." [Hall], through her statements to police officers and ballistics testimony presented at trial, raised the defenses of justification and accident by claiming the victim was fatally shot during her struggle with him to prevent him from killing her and then committing suicide.

(Footnote omitted.) Id. at 756 (1). The record further shows that, during trial, Alyssa was questioned in the judge's chambers, with only the judge and the parties' attorneys present. The testimony was transmitted simultaneously to the courtroom by closed circuit television. Hall's attorney did not object to this procedure.[1]

Although trial counsel also represented Hall in her direct appeal, she subsequently retained new counsel, who filed this habeas corpus action on Hall's behalf on September 14, 2011. In her habeas petition, Hall contended that "trial counsel was ineffective for agreeing to permit Alyssa Davis, a child witness, to testify via closed circuit and

---

[1] The record indicates that the trial court was concerned that Hall's daughter would be too frightened to testify in court. Hall's attorney testified that he reluctantly agreed to the examination in the judge's chambers in order to be certain that the judge did not admit a videotaped interview in lieu of live testimony.

for failing to raise this issue in the motion for new trial and on appeal."[2] In support of this claim, Hall argued that she could have assisted her attorney during the cross-examination of her daughter had she not been forced to remain in the courtroom during Alyssa's testimony.

Rather than decide Hall's claim as it was raised, the habeas court first analyzed the case as if it were a direct appeal in which Hall had affirmatively claimed that she had been prevented from participating in her trial at a critical stage of the proceedings. Applying a presumption of prejudice, the habeas court found that Hall was entitled to a new trial. Second, the trial court alternatively found that Hall had been denied her constitutional right to confront a witness. In both instances, the trial court's analysis was erroneous.

In this case, Hall's counsel neither objected at trial to the procedure for questioning Hall's daughter nor raised it as an issue on appeal.

> Accordingly, [even if Hall had raised substantive claims regarding her right to be present and right to confront witnesses in relation to this questioning procedure, these claims were] procedurally defaulted, and [Hall] has made no assertion of cause and prejudice such as might overcome this default. See OCGA § 9-14-48 (d).

(Footnote omitted.) *Griffin v. Terry*, 291 Ga. 326, 327 (1) (729 SE2d 334) (2012).[3]

Hall's sole contention before the habeas court was that she received ineffective assistance when her counsel failed to object to the procedure for taking her daughter's testimony at trial and failed to raise the same issue on appeal.

> Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice caused by such deficiency. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). To establish deficient performance, a habeas petitioner must overcome the strong presumption that appellate counsel's actions

---

[2] Hall raised one other ground in her petition; however, she expressly withdrew that ground at the habeas hearing.

[3] Hall made no contention that her ineffective assistance of counsel claim constituted sufficient cause and resulted in sufficient prejudice to overcome the procedural bar. See *Turpin v. Todd*, 268 Ga. 820 (2) (493 SE2d 900) (1997).

fell within the broad range of reasonable professional conduct. *Walker v. Hagins*, 290 Ga. 512 (722 SE2d 725) (2012). In evaluating appellate counsel's performance, "[t]he question is not whether [an appellate] attorney's decision not to raise [a particular] issue was correct or wise, but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt. [Cit.]" *Battles*, supra, 269 Ga. at 703 (1) (a). Accord *Chatman v. Mancill*, 280 Ga. 253, 258 (2) (c) (626 SE2d 102) (2006). As to the prejudice prong, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *Walker*, supra, 290 Ga. at 512-513. The habeas court's determination as to counsel's alleged ineffectiveness must be affirmed unless the habeas court's findings of fact are clearly erroneous or are legally insufficient to establish that counsel was ineffective. Id. at 513.

*Griffin*, supra, 291 Ga. at 328 (2).

In deciding a claim of ineffective assistance, it is not necessary to address the deficient performance component if a petitioner has failed to establish prejudice.

Though [Hall] would have been entitled to the benefit of presumed prejudice on direct appeal, see *Ward* [*v. State*, 288 Ga. 641, 645-647 (4) (706 SE2d 430) (2011)]; *Sammons* [*v. State*, 279 Ga. 386 (2) (612 SE2d 785) (2005)], we have held that where structural errors are "raised in the context of an ineffective assistance of counsel claim, prejudice will not be presumed." *Reid v. State*, 286 Ga. 484, 488 (3) (c) (690 SE2d 177) (2010). See *Upton v. Jones*, 280 Ga. 895, 898 (3) (635 SE2d 112) (2006) (declining to presume prejudice with respect to error, which would have carried presumption of prejudice on direct appeal, where raised as basis for appellate ineffectiveness claim); see also *Bridges v. State*, 286 Ga. 535 (3) (690 SE2d 136) (2010) (rejecting claim of ineffectiveness based on trial counsel's failure to assert right-to-be-present issue where actual prejudice at trial not shown); *Peterson v. State*, 284 Ga. 275, 279-280 (663 SE2d 164) (2008) (same). Rather, [Hall] must satisfy the "actual prejudice" test. See *Greer v. Thompson*, 281 Ga. 419, 422 (637 SE2d 698) (2006). "There [i]s not any actual prejudice unless the abandoned issues had merit and, *if considered apart from any presumption of*

> *prejudice*, would have resulted in a new trial." (Emphasis supplied.) *Upton*, supra, 280 Ga. at 898 (3). Thus, to show actual prejudice to [her] appeal, [Hall] must demonstrate that [her] absence from the [examination of Alyssa] would have been reversible error without the benefit of presumed prejudice. To do so, [she] must establish a reasonable probability that the error would have been found not harmless at trial, i.e., a "reasonable probability that the outcome would have been more favorable if counsel had objected to her absence during the [examination of Alyssa]." *Bridges*, supra, 286 Ga. at 539 (3).

*Griffin*, supra, 291 Ga. at 328-329 (2).

Hall has failed to make this showing. Her argument is that, had she been in the same room for her daughter's questioning, she could have assisted her attorney by prompting him with specific information. During the habeas proceedings, Hall was asked to specify what information she could have relayed. She indicated that she would have informed her attorney that: (1) Alyssa was not afraid of her, thereby negating any need to keep questioning limited to the judge's chambers; (2) Alyssa had been coerced into testifying as she did by her father (a prior husband and not the victim); and (3) Alyssa wrote a letter to a teacher following the murder which supported the two contentions above. Hall's trial counsel testified, however, that he was already aware of the inconsistent letter written by Alyssa, and he knew that there was a serious question of whether Alyssa was actually afraid of Hall and whether Alyssa had been coached by her father. Hall's attorney testified that he told the trial court that he did not believe that it was true that Alyssa was afraid of Hall. He also testified that he asked Alyssa about the particular letter in question during her testimony. Therefore, based on the transcript of the habeas hearing, Hall's attorney was already aware of the information that she would have conveyed to him during the questioning of Alyssa. As such, Hall has failed to show actual prejudice, and her claim of ineffective assistance of counsel should have been rejected.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellant.

*John R. Lovell,* for appellee.