304 Ga. 281
FINAL COPY

S18A0827. HALL v. THE STATE.

M ELTON, Presiding Justice.

The procedural posture of this appeal is somewhat unique. However, as explained more fully below, the appeal essentially amounts to an effort by Michelle Hall, who was represented by counsel in her first appeal, to pursue a second direct appeal, which is not authorized by Georgia law and which we are without jurisdiction to consider on the merits. See Milliken v. Stewart, 276 Ga. 712, 713 (583 SE2d 30) (2003) ("[A] criminal defendant whose conviction has been reviewed by an appellate court on direct appeal . . . is not entitled to a second direct appeal from his judgment of conviction.") (citation and punctuation omitted); Richards v. State, 275 Ga. 190, 191 (563 SE2d 856) (2002) ("'It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' [Cit.] [And] . . . there is no right to directly appeal [for a second time] by a

criminal defendant whose conviction has been affirmed on direct appeal.").

Accordingly, we must dismiss this appeal.

By way of background, Hall was convicted of malice murder and family violence aggravated assault in Coweta County Superior Court in 2009, and her convictions were affirmed by this Court in her first direct appeal, where she was represented by counsel. See Hall v. State, 287 Ga. 755 (699 SE2d 321) (2010). On September 14, 2011, Hall filed a petition for habeas corpus relief in the Habersham County Superior Court, and the superior court granted habeas relief to Hall on March 22, 2012. However, the warden appealed the superior court's ruling, and this Court reversed the superior court's grant of habeas relief. See Seabolt v. Hall, 292 Ga. 311 (737 SE2d 314) (2013). Then, on May 1, 2013, Hall filed a habeas petition in the United States District Court for the Northern District of Georgia, and that petition was denied. But the Eleventh Circuit reversed the district court's ruling in a split decision — finding fault with this Court's holding in Seabolt on the issue of ineffective assistance of Hall's appellate counsel — and remanded the case to the district court with direction to "order the State to grant Ms. Hall a new direct appeal." Hall v. Warden, 686 Fed. Appx. 671, 685 (IV) (11th Cir. 2017). On remand, the district court entered

2

an order adopting the mandate of the Eleventh Circuit, granting the writ of habeas corpus, and "order[ing] that the State grant [Hall] a new appeal." This district court ruling provides the purported basis for the current appeal that Hall wishes to pursue in this Court.

As an initial matter, we must note that, while this Court is in no position to dictate the parameters of relief granted by the Eleventh Circuit, the relief granted by the Eleventh Circuit in this case is not available. In Georgia, the normal remedy for ineffective assistance of appellate counsel in a situation where the defendant has not suffered a complete denial of counsel in his or her first direct appeal is a new trial, not just a new appeal. As this Court explained in Trauth v. State, 295 Ga. 874, 876 (1) (763 SE2d 854) (2014),

> where . . . a pro se defendant has been improperly denied counsel for his first appeal, he is entitled to relief in the form of having counsel appointed "to determine if there is any justifiable ground for an appeal from the original convictions, and if such determination is in the affirmative, . . . file[ ] and prosecute[ ] [a new direct appeal] with [the] benefit of counsel." [Roberts v. Caldwell, 230 Ga. 223, 224 (196 SE2d 444) (1973)]. . . . [However,] [i]t is important to note that cases . . . in which a defendant is improperly deprived of any attorney at all for his first appeal are distinguishable from those cases where a defendant has an attorney who prosecutes the defendant's first appeal but renders ineffective assistance for that appeal. In cases where a defendant has an ineffective appellate attorney who prosecutes the defendant's

first direct appeal, the defendant is not entitled to a new appeal as a remedy for that counsel's ineffectiveness. See, e.g., Milliken[, supra] (habeas court erred in ordering second direct appeal as remedy for appellate counsel's ineffectiveness in failing to raise meritorious issue in first appeal). See also Richards[, supra] (Where the defendant was represented by counsel in his first direct appeal in 1993 [Richards v. State, 263 Ga. 65 (428 SE2d 84) (1993)], and his conviction was affirmed in that appeal, the defendant could not obtain an out-of-time appeal nine years later, as he was "not entitled to a second direct appeal from his judgment of conviction"). Instead, the proper remedy to ameliorate an appellate counsel's ineffectiveness for failing to raise a meritorious issue on appeal is "to order a new trial." Milliken, supra, 276 Ga. at 714.

Moreover, as the United States Supreme Court has stated with respect to the powers of a federal court to grant habeas relief:

Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner. [Cit.]

Fay v. Noia, 372 U. S. 391, 430-431 (III) (83 SCt 822, 9 LE2d 837) (1963), overruled in part on other grounds by Wainwright v. Sykes, 433 U. S. 72, 87-88 (97 SCt 2497, 53 LE2d 594) (1977). See also Wilkinson v. Dotson, 544 U. S. 74, 87 (125 SCt 1242, 161 LE2d 253) (2005) (Scalia, J., concurring) ("Conditional writs [of federal habeas corpus] enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence

4

when they fail to do so is always release."); Douglas v. Jacquez, 626 F3d 501, 504 (I) (9th Cir. 2010) (The district court exceeded the scope of its habeas power in ordering the state to resentence the petitioner, as "[t]he district court's power under habeas corpus was either immediately to vacate the prisoner's arson sentence, or to postpone such relief for a reasonable period to allow the state court properly to sentence the prisoner."). The usual way federal courts grant habeas relief short of releasing the prisoner outright is a conditional writ, ordering the prisoner to be released unless the State takes some action, such as resentencing or granting a new trial or a new appeal. See Hilton v. Braunskill, 481 U. S. 770, 775 (107 SCt 2113, 95 LE2d 724) (1987) ("Federal habeas corpus practice . . . indicates that a court has broad discretion in conditioning a judgment granting habeas relief."); Griffin v. Secretary, Fla. Dept. of Corrections, 787 F3d 1086, 1090 (II) (A) n.2 (11th Cir. 2015) ("When the writ is granted, the judgment typically enjoins the State to retry or resentence the petitioner within a specified period of time or release him."). But the very nature of such an order cannot give the State power it does not already have. Georgia law does not allow us jurisdiction to entertain a second direct appeal. Although the Eleventh Circuit's holding that Hall is entitled to habeas relief due to

5

ineffective assistance of her appellate counsel is res judicata on the State, the State lacks the legal authority to provide the specific relief the Eleventh Circuit ordered.

In short, the Eleventh Circuit fashioned a remedy in this case that would require the State to create a procedure unknown to our courts — a second direct appeal — rather than mandating that a writ of habeas corpus releasing Hall be granted unless the State provides an adequate remedy for the ineffective assistance of her appellate counsel. The trial court could have provided such an adequate remedy by granting Hall a new trial. In this regard, a new trial is actually a more comprehensive remedy for Hall than a second direct appeal, as a new trial would provide Hall with an opportunity to present her case anew to a jury, whereas a second appeal would only provide her with the opportunity to *seek* a new trial. But Hall has not yet provided the district court's mandate to the trial court and requested that the judgment against Hall be set aside. At that point, the State could either dismiss the indictment or proceed with a new trial.

With that said, however, we can address this case based on only the procedural posture in which it has arrived, and "it is the duty of this Court to inquire into its jurisdiction" with respect to that procedural posture. Sanders v.

State, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006). In this connection, where, as here, Hall was represented by counsel in her first direct appeal, the fact that she was granted habeas relief based on the alleged ineffectiveness of her appellate counsel in that appeal would not entitle her to a second direct appeal. See Trauth, supra. Indeed, this Court is without jurisdiction to consider such a second direct appeal. See, e.g., Richards, supra, 275 Ga. at 191. Because we are without authority to entertain a second direct appeal by Hall, we must dismiss her appeal. Id.

Appeal dismissed. Hines, C. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

Decided August 20, 2018.

Murder. Coweta Superior Court. Before Judge Kirby.

John R. Lovell, for appellant.

John H. Cranford, Jr., District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.